SUSAN LOAN *vs.* CITY OF BOSTON.

It is competent for a jury to find that an iron box, four inches square, constituting part of the usual apparatus of a gas company for distributing the gas, set into a sidewalk in a city, by the gas company, a few inches from the curbstone and only one or two feet distant from the junction of a cross way with the sidewalk, and so set that its rim projects an inch above the level of the sidewalk, and left uncovered and empty to the depth of three inches, is a defect in the highway, for an injury resulting from which to a traveller the city may be liable under the Gen. Sts. *c.* 44, § 22.

TORT, on the Gen. Sts. *c.* 44, § 22, for personal injuries alleged to have been received by the plaintiff through a defect in a highway which the defendants were bound to keep in repair. Trial in this court, before the chief justice, who made the following report thereof :

" The alleged defect consisted of an open iron box, about four inches square, let into the sidewalk on Federal Street, at a point a few inches from the curbstone, and from one to two feet beyond the cross walk leading from the foot of Broadway, in South Boston, to. the opposite side of Federal Street. One witness testified that the top of it was an inch higher than the brick sidewalk. There was evidence tending to prove that the plaintiff, while attempting to cross over from Federal Street to Broadway, and exercising due care, caught her foot in this open box, and fell from the sidewalk upon the street below. There was also evidence that the box was well known to the police officers of the city, and had been so known for years, and that it had remained

open to a depth of from two to three inches for more than twenty-four hours prior to the injury complained of. The box was originally put into the sidewalk by the South Boston Gas Company, and was a part of their usual apparatus for distributing gas. It was designed to protect the end of an iron tube used by the company for pumping water and other impurities from the drip-box under the gas main; and was similar in structure to other boxes used by the company, a specimen of which was exhibited to the jury at the trial. The company originally provided covers for the boxes, but in process of time these frequently disappeared, and there had been no cover on this box for years, but it was generally more or less filled with earth; the police officers had, at times, filled it; and workmen in the employ of the gas company had, about a month before the accident, filled it with earth from the street, after having cleared it for use. The testimony left it uncertain what amount of earth, if any, there was in the bottom of the box on the day of the accident and the day preceding; but there was evidence tending to show that on both of those days it was empty to a depth of over three inches.

" The defendants asked the court to rule that, as matter of law, this box, so placed in the sidewalk at this place, was not a defect for which the city could be made liable. The chief justice declined so to rule; and instructed the jury that it was, in this case, for them to determine, on all the evidence, whether this was such a defect or want of repair as would render the way unsafe for travellers who were walking on the sidewalk and in the use of due care. The chief justice read to the jury the case of *Raymond* v. *Lowell,* and the law as there laid down, and adopted the language of the court in that case, as the law applicable to cases of this kind. The defendants excepted to his declining to rule as requested; other instructions were given, not excepted to; the jury found a verdict for the plaintiff, with damages in the sum of $2500; and the case is reserved upon the refusal to rule as aforesaid, such disposition to be made of the case as the full court shall direct."

*G. Putnam, Jr.,* for the defendants. The only question open to the defendants is, whether the box situated as described was such a defect in the highway as to render the city liable for an

accident occasioned by it. This is a question for the court. It is for the jury to say whether any defect existed of the kinds for which towns are liable ; whether, if such a defect did exist, it made the highway dangerous ; whether the town had notice ; and whether the plaintiff was in the exercise of due care ; but whether a particular condition of the highway constitutes a defect or not, is for the court, and has been repeatedly passed upon after verdicts of juries. Thus it has been held that an iron grating, used for purposes of drainage in the highway, and tilted against the sidewalk so as to project above it, was not a defect for which the town could be held liable, although a severe injury was occasioned by it. *Raymond* v. *Lowell,* 6 Cush. 524. So also, that smooth ice upon a sidewalk is not a defect; *Stanton* v. *Springfield,* 12 Allen, 566 ; and so of overhanging snow ; *Hixon* v. *Lowell,* 13 Gray, 59 ; of a rope stretched across the highway ; *Barber* v. *Roxbury,* 11 Allen, 318 ; and of posts between the sidewalk and carriageway, though there was nothing to distinguish the carriageway from the sidewalk ; *Macomber* v. *Taunton,* 100 Mass. 255.

In determining whether a particular state of the highway renders it defective, the real question is, whether the statute was intended, upon a fair construction, to make towns liable for the particular condition in question. *Stanton* v. *Springfield,* and *Hixon* v. *Lowell, ubi supra.* And that again depends upon the question, what is the general or average public opinion of the community as to the degree of perfection to which towns shall be compelled to bring and keep their highways. In either aspect it is a question for the court. As a question of statutory construction, it is certainly a question of law ; and as a question of public policy or public opinion, it comes within the same class of questions for the court as the public policy which is imported into the contracts of parties, or the general sense of social duty which makes a communication privileged that otherwise would be libellous.

A hole four inches square and three inches deep, in a brick sidewalk, is not a defect for which a jury is warranted in finding this city liable. It is such a hole as a half brick missing in a sidewalk would leave. *Raymond* v. *Lowell, ubi supra.*

The city is not responsible for an injury occasioned by a portion of the regular machinery of the gas company; because the legislature by its charter permitted the company to put such machinery into the street. St. 1852, *c.* 103. The absence of the cover makes no difference, because it did not appear that such boxes would be any safer with covers than without them. They might be more dangerous, from the slipperiness of the covers. And it is matter of common observation that boxes like the one in question without covers are of constant occurrence in the streets. The action should have been brought against the gas company, when the question of their negligence could have been tried.

*W. W. Warren*, for the plaintiff.

BY THE COURT. The question whether the box in this case was a defect was properly left to the jury; for the court cannot see, from the description which the report contains of the box and its position on the sidewalk, that travellers using due care would not be exposed to injury by stepping against it or into it. We think the jury properly found that it was a defect. If it was such, the gas company having placed it there for their own purposes exclusively, and the city authorities having suffered it to remain in that condition for more than twenty-four hours, the city was liable. *Merrill* v. *Wilbraham*, 11 Gray, 154.

*Judgment on the verdict for the plaintiff.*