## No. 13,557.

### EUGENE AUCOIN VS. CITY OF NEW ORLEANS.

#### SYLLABUS.

Where the duty to keep the sidewalks of streets in safe condition rests upon a municipal corporation, and this obligation is not met, is long neglected, and injuries resulting directly from the unsafe condition of the walk occur to a pedestrian, himself exercising ordinary care and caution, the corporation is answerable in damages .

APPEAL from the Civil District Court, Parish of Orleans—*Ellis, J.*

*William J. Hennessey* for Paintiff, Appellee.

*Samuel L. Gilmore,* City Attorney, and *Frank B. Thomas,* Assistant City Attorney, for Defendant, Appellant.

*Charles H. Brownlee* for Warrantor, Appellee.

The opinion of the court was delivered by

BLANCHARD, J. This action seeks to recover against defendant the sum of ten thousand dollars for personal injuries sustained by plaintiff in consequence of a defective sidewalk on one of the streets of the city.

The accident occurred on a night in December 1898. It was dark, cold and wet. Plaintiff was on his way home from a neighboring store.

The sidewalk he was traversing was formed of planks. The evidence shows this walk was in a very bad condition. The planks were decayed, loose and out of place. Other persons had fallen there, in consequence, both before and after the accident which overtook the plaintiff.

It appears that this bad condition of the sidewalk had existed for a long time prior to the accident. A year previous the City Council had passed an ordinance looking to the paving of the same and due publication thereof, as the charter directs, had been made; but there the matter seems to have stopped. The paving was not laid; neither was the walk repaired.

The plaintiff was tripped up by one of the loose planks and fell into the gutter along side. He sustained severe injuries. His ankle was broken—a compound, complicated fracture. The bone protruded through his shoe. He was in a helpless condition; unable to proceed; remained

there until a passer-by discovered his plight, and, summoning assistance, carried him to his home.

A physician was called in, who treated him for several weeks, when, under his advice, the patient was transferred to the Charity Hospital, where two operations were performed, and where he remained for months under treatment. He suffered much and his injuries are shown to be of a permanent character.

It is not made clear whether or not a street light was burning at the corner near by. But if one was so burning, it was dim and flickering and gave insufficient light to guide this pedestrian on his way.

We find nothing in the record going to show that the plaintiff was not using ordinary care and circumspection.

The answer of the city does not even charge him with negligence. It is merely a general denial of the averments of the petition, and the allegation that if the complainant was injured it was by reason of the neglect and refusal of John Michell, the owner of the property in front of which the accident occurred, to keep in good order and repair the banquette abutting on his premises, as was his duty to do.

This John Michell is cited in warranty, with the prayer for such judgment in favor of the city over against him as may be rendered (if any) against the city in favor of the plaintiff.

The warrantor pleaded the general issue and denied responsibility.

There was judgment below in favor of the plaintiff for two thousand dollars, with interest from judicial demand, and dismissing the call in warranty at the city's costs.

The latter appeals.

In this court the appellee moves for an increase of the amount of the judgment in his favor.

*Ruling*—The conclusion reached is that on both the facts and the law of the case the plaintiff is entitled to recover.

The city of New Orleans is given by its charter full power and control of the streets and sidewalks. Under Section 32 of the charter (Act 45 of 1896) the street commissioner has general charge of all matters relating to the streets, sidewalks and pavements ,and of the construction and repair of the same; and by Section 15, the power is vested in the Council to compel the owners of property to keep and maintain in good order and repair the sidewalks in front of their property.

For the omission of its duty to keep this sidewalk in good and safe condition, or to compel the abutting owner to do so, the municipality

rendered itself liable for resulting injuries under the circumstances as in this case shown.

Turner vs. City of Newburg, 109 N. Y. 301,307;

O'Neil vs. City of New Orleans, 30 La. Ann. 220;

Cline vs. Ry. Co. and City of New Orleans, 41 La. Ann. 1031;

Blume vs. New Orleans, 104 La. 345; 29 So. Rep. 106.

The argument of defendant's counsel that plaintiff *might* have avoided the accident by taking another route to his home, and that *if* he had done so he probably would have escaped injury, etc., is, as to the case we are dealing with, well answered in O'Neil vs. City, cited *supra*.

The street was open for public travel and it does not appear that plaintiff knew of its dangerous condition. Without such knowledge or notice he had a right to assume it offered a safe passage. He was not in the habit of passing along that way. He used that walk only at infrequent periods. A person using a public highway is not bound to anticipate danger, without some notice of a condition of things suggesting a peril of travel. 109 N. Y. 307.

With regard to the *quantum* of damages we will not disturb the amount as fixed by the district judge.

With regard to the call in warranty, if there be legal liability to the city on the part of defendant cited in warranty, there is not a sufficiency of evidence in the record, on this branch of the case, to warrant passing upon the issue thus raised. But the city's rights as against John Mitchell, whatever they may be, are reversed.

Blume vs. City, *supra*.

For the reasons given, the judgment appealed from is affirmed.