## POWERS v. VILLAGE OF MECHANICVILLE.

(Supreme Court, Appellate Division, Third Department. November 16, 1910.)

1. MUNICIPAL CORPORATIONS (§ 768*) — STREETS — DEFECTS IN SIDEWALK — NEGLIGENCE.

In installing its water system, defendant village set an iron pipe shut-off water box in a brick sidewalk. The cap on top of the box, which was less than a foot from the coping, was 3¾ inches in diameter, and projected three-quarters of an inch above the sidewalk. On one side of the box, a brick had settled three-quarters of an inch, making the cap project on that side 1½ inches above the surface. *Held*, that the defect

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

125 N.Y.S.—51

was so slight that the village was not liable for injuries caused by catching plaintiff's foot under the cap on the side the brick had settled.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1622, 1624, 1625; Dec. Dig. § 768.*]

2. MUNICIPAL CORPORATIONS (§ 762*)—STREETS—LIABILITY OF MUNICIPALITY. That which would not be a defect in a sidewalk, if resulting from an omission of the village, does not become so because it was created by an affirmative act of commission.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 762.*]

Smith, P. J., dissenting.

Appeal from Trial Term, Saratoga County.

Action by Anna Powers against the Village of Mechanicville. From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Oscar Warner, for appellant.

Nash Rockwood, for respondent.

HOUGHTON, J. The action is to recover damages for injuries sustained by falling on a sidewalk on one of the principal streets of the defendant village, and has resulted in a judgment against the defendant, from which it appeals.

The defendant in installing its water system set an iron pipe shut-off water box in a brick sidewalk, the cap on top of which was 3¾ inches in diameter and projected three-quarters of an inch above the surface of the walk. The sidewalk was in front of a church property and about 11 feet wide, and on its inner side had a cement coping 6 inches high. The width of the coping does not appear, but the testimony is that it was 10½ inches from its center to the center of the water box cap; hence the cap must have been less than one foot out in the walk from the coping. On the side of the water box which plaintiff was approaching, a brick had settled three-quarters of an inch, making the projection on that side of the cap 1½ inches. The plaintiff, while walking, caught her toe in this projection and fell, and claims to have sustained serious injury.

We are of opinion the defect was of so trivial a character and in such a position in the sidewalk that the defendant should not be held liable for the damages sustained. The shut-off box was a necessity in the proper management of defendant's water system. It could not be buried, for it was necessary to unscrew its top to shut off or turn on water. Its position less than a foot from the coping was reasonably out of the way of ordinary travel. Only on one side had a brick settled less than an inch. On all other sides the projection was only three-quarters of an inch. Scores of places can be found in every village and hundreds in every city of the state presenting greater obstructions to pedestrians than the one for which the plaintiff has recovered damages, and it is placing altogether too great a burden on a municipality to hold it liable for so slight a defect.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It makes no difference that the defendant installed the water pipe, and therefore itself constructed the obstruction. A municipality is no more liable for an act of commission than it is for an act of omission. If the obstruction amounts to a defect, it is unimportant how it arose. What would not be a defect if arising from omission is not one because it was created by an affirmative act. Nor does it change the situation that on one occasion a boy attempting to slide on the walk caught his toe in the cap and fell. Such an occurrence did not prove its dangerous character.

The holding of the defendant liable in the present case is directly contrary to a long line of decisions, illustrated by Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401, Hamilton v. City of Buffalo, 173 N. Y. 72, 65 N. E. 944, Butler v. Village of Oxford, 186 N. Y. 444, 79 N. E. 712, Getzoff v. City of New York, 51 App. Div. 450, 64 N. Y. Supp. 636, and Corson v. City of New York, 78 App. Div. 481, 79 N. Y. Supp. 604. It cannot be that the Court of Appeals, in affirming Moroney v. City of New York, 117 App. Div. 843, 97 N. Y. Supp. 642, 103 N. Y. Supp. 1135, affirmed 190 N. Y. 560, 83 N. E. 1128, intended to overturn its holdings in all prior cases, and establish a new measure of liability, by deciding that an irregularity of 1¾ inches in a sidewalk was so substantial a defect as to render a municipality liable for damages.

The fact that the cap projected slightly, making a flange which caught the toe of plaintiff's shoe, does not change the situation. Such a condition was no more of a trap than the broken flagstones in the cases cited.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.

COCHRANE and SEWELL, JJ., concur. KELLOGG, J., concurs in result. SMITH, P. J., dissents.