(163 App. Div. 138)

POWERS v. VILLAGE OF MECHANICVILLE.   (No. 170–41.)

(Supreme Court, Appellate Division, Third Department.   July 1, 1914.)

1. APPEAL AND ERROR (§ 1099*)—FORMER APPEALS—QUESTIONS CONCLUDED.
   The discussion of the court on a former appeal in the same case is authoritative only as to the point actually decided.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4370–4379; Dec. Dig. § 1099.*]

2. MUNICIPAL CORPORATIONS (§ 768*)—TORTS—OBSTRUCTION IN SIDEWALK.
   A municipality is liable, for allowing the cap of a pipe in the municipal waterworks system to project above the sidewalk, where it could have been placed flush with the walk, to one injured by catching her foot under it, as it was a needless obstruction placed there by the city in its capacity of a private corporation in conducting a waterworks system, and the fact that it was small but made it dangerous to pedestrians in the nighttime.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1622, 1624, 1625; Dec. Dig. § 768.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. MUNICIPAL CORPORATIONS (§ 733*)—TORTS—IN GENERAL.

    A municipal corporation, in the absence of statute, incurs the same responsibility when conducting a commercial enterprise, such as a water system, as a private corporation would have, and it is liable for needless obstruction of the streets in such case to the same extent as a private corporation.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1547–1549, 1561; Dec. Dig. § 733.*]

Appeal from Trial Term, Saratoga County.

Action by Anna Powers against the Village of Mechanicville. Judgment for defendant, and plaintiff appeals. Reversed, and new trial granted.

See, also, 140 App. Div. 835, 125 N. Y. Supp. 801.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Nash Rockwood and L. B. McKelvey, both of Saratoga Springs, for appellant.

J. Lewiston Flanagan and Oscar Warner, both of Mechanicville, for respondent.

WOODWARD, J. [1] This is an action to recover damages for injuries alleged to have been sustained by the plaintiff in falling over a cap to a water pipe, which was located within about one foot of the outside edge of a sidewalk 11 feet in width. There was evidence which would justify the jury in finding that the plaintiff, while in the exercise of reasonable care, caught the toe of her shoe under the edge of this cap, causing her to fall, resulting in injuries which a previous jury held to have damaged her to the extent of $1,500. The judgment on appeal was reversed, and, the case coming back for a new trial, the learned trial court, after considering the evidence, granted defendant's motion for a nonsuit, evidently believing that the case was controlled by the decision on the former appeal. See Powers v. Village of Mechanicville, 140 App. Div. 835, 125 N. Y. Supp. 801.

There is, however, a controlling difference, we believe, in the evidence as it appears upon the record now before us, which entitled the plaintiff to go to the jury, and while there was some discussion in the opinion upon the previous appeal which would seem to justify the action taken by the trial court, the point really determined on that appeal was that the cap, being necessary in the proper management of the defendant's water system—that it could not be buried, for it was necessary to unscrew its top to shut off or turn on water—the defendant could not be charged with negligence in maintaining it in the position which it occupied upon the sidewalk; and it is only in respect to the point actually decided that the discussion is an authority. "The reasoning, illustrations, and references contained in the opinion of a court," say the court in Lucas v. Commissioners, 44 Ind. 524, 541, "are not authority, not precedent, but only the points arising in the particular case, and which are decided by the court." If it were true that it was necessary in the proper conduct of the defendant's water system to have this water cap project above the level of the sidewalk,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

then the public would be called upon to accept the risks incident to the use of the street with such an obstruction; but in the case as it is presented upon this record it "is stipulated as a part of the plaintiff's case that the water pipe in question could have been lowered, so that the extreme top of the cap would have been flush with the surface of the sidewalk, and that, when so lowered, the same could have been practicably used for the purpose for which it was intended."

[2] This stipulation changes entirely the law of this case. In the case of Schild v. C. P., N. & E. R. R. R. Co., 133 N. Y. 446, 31 N. E. 327, 28 Am. St. Rep. 658; a street railroad company had constructed and was maintaining tracks in the highway and the plaintiff tripped upon the rail and received injuries. The plaintiff had judgment, and upon appeal the court say:

"The evidence for the plaintiff and for the defendant conflicts as to the height of the rail above the surface of the street. It was either one inch and an eighth of an inch, or upwards of two inches. There was evidence for the defendant that the track, when laid some ten years previously, was level with the street; but the rails certainly were, at the time of this occurrence, at some height above the street surface, and, to some extent, constituted an obstruction in the highway. The defendant was authorized and had the right to put down its rails in and upon the street, and was under no liability, by reason of anything in the grant from the common council, to keep the street pavement between its tracks in repair. But it was under an obligation, which is necessarily implied as to every use of a highway, so to construct and to maintain its tracks as that, by the exercise of a reasonable care and supervision with respect to them, no danger might be occasioned to the public in its use of the highway. * * * Whether the rails are so laid as to constitute on its part a neglect of proper conditions for the public safety is a question of fact for the jury, and not one of law for the court to pass upon. It was the province of the jury to decide, in such a case, whether the defendant was negligent. It is not a question of the right of the defendant to be there with its rails in the street; there was only the question whether, in the way or in the condition in which it suffered its rails to remain, it was not neglectful of the right of the public to as safe and unobstructed a use of the street as was reasonably possible under the circumstances."

This was but following the earlier case of Worster v. Forty-Second Street R. R. Co., 50 N. Y. 203, 205, where Chief Judge Church says:

"We are to assume that the defendants had a lawful right to lay their tracks in the street, where the injury occurred; but this right carries with it the obligation to lay the tracks in a proper manner and keep them in repair, and if an injury occurs by reason of neglect in either of these respects the defendants are liable in damages. * * * The duty of remedying the defect was affirmative and absolute. Notice to the defendants of the defect was not necessary. * * * It was their duty to know it. It was patent, and an omission to know that such a defect existed was prima facie negligence as much as an omission to repair after notice. * * * The presumption of knowledge arises from the existence of the defects themselves. The plaintiff was only required to show that the injury resulted from the road being out of repair, and if circumstances existed showing absence of negligence, it was for the defendant to prove them. The presumption of negligence was complete when it appeared that defects existed and an injury was caused thereby."

See Casper v. Dry Dock, etc., R. R. Co., 23 App. Div. 451, 454, 48 N. Y. Supp. 352.

[3] This is the burden cast upon a quasi public corporation exercising a special franchise, and in these days when public sentiment is

demanding that private corporations shall assume the burden of compensating persons for their own negligence, it is not unreasonable that municipal corporations, conducting profit-earning enterprises occupying the public highways, should be held to at least an equal responsibility with other corporations carrying on like enterprises.  When a municipal corporation undertakes commercial enterprises, it should do so under the same responsibilities that attach to any private corporation engaged in the same line, and it is not to be doubted that a private corporation operating a water plant in the village of Mechanicville, which unnecessarily obstructed a public highway in the manner in which it is conceded the defendant has done, would be liable to a person injured through such obstruction.  It is not a defect in the highway; it is an unlawful, because unnecessary, obstruction in the highway.  It is an obstruction placed and maintained by the municipality in its capacity of a private corporation in conducting a water system for supplying the inhabitants with water, and it has no more right to maintain such an obstruction than any other water company or street railway company.  It has a right to maintain the pipes in the street.  It may, under some circumstances, have a right to maintain obstructions, such as fire hydrants, standpipes, etc., for practical purposes; but it can have no higher right to maintain a needless obstruction than any other corporation, and the fact that the obstruction is small does not relieve it of responsibility.  The very fact that it is small is a source of danger to which pedestrians are exposed in the nighttime without any necessity therefor, and a decent regard for the public welfare demands that the rules of law shall not be relaxed beyond what is required by positive legislation in behalf of municipal corporations.

The fact that in this case the plaintiff caught her foot under the cap brings the case within the special rule applied in Moroney v. City of New York, 117 App. Div. 843, 97 N. Y. Supp. 642, 103 N. Y. Supp. 1135, affirmed 190 N. Y. 560, 83 N. E. 1128, perhaps; but we believe that the principle involved is broader than that—that the existence of a needless obstruction in connection with a special franchise in a public highway, by which a party sustains injury, is sufficient to charge the corporation with negligence, whether the corporation be a quasi public or a municipal corporation.  This does not interfere with that line of cases which has held that trifling defects in sidewalks, by reason of breaks in the grades, or by small depressions, are not sufficient to charge the municipality with negligence in the discharge of its duty to keep the streets in a safe condition for public travel, but is based upon the broad proposition that, where the highways are made use of for public utilities, those maintaining them must limit the obstruction to the necessities of the service, and cannot be justified in disregarding the absolute right of the public to the fullest use of the highways consistent with the discharge of the duties imposed upon public utilities corporations.  If municipalities are to undertake the functions of transportation and business corporations, they must, in the absence of legislative exemptions, conform to the same rules as those applied to other corporations and individuals under the same circumstances.  Under

the circumstances of this case the municipality must respond in the same degree that a private corporation would be called upon to answer under the same state of facts. A municipality has no right to needlessly obstruct its streets in the maintaining of public utilities; at least, not yet.

The judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.