[No. 14049.   Department Two.   August 17, 1917.]

Mary C. Blackwell *et al.*, *Respondents,* v. The City of Seattle, *Appellant.*[1]

Municipal Corporations—Claims—Presentation by Wife. The wife may make and file a claim for personal injuries against a city in her own name, where the husband and wife are living separate and apart and the husband was out of the state and did not return until after the time for filing a claim had expired.

Same—Streets—Obstructing Sidewalks—Negligence. It is negligence for a city to place a water pipe, an inch or more in diameter, across a sidewalk, without protecting it at night in any way.

Same—Streets—Obstructions—Contributory Negligence. It is not, as a matter of law, contributory negligence to trip over a water pipe, an inch or more in diameter, left across a sidewalk without protection of any kind.

Evidence—Nonexpert Opinion—Darkness. A nonexpert witness may testify as to whether the degree of darkness was such that plaintiff, injured at night, could not have seen an obstruction on the sidewalk.

Witnesses — Privileged Communications — Physicians. Under Rem. Code, § 1214, providing that no physician shall be examined as a witness without the consent of his patient, error cannot be predicated upon refusing to require a physician to answer, where the physician claimed the privilege, and counsel stated he would not object in case the physician did not claim the privilege, since no consent was given.

Appeal from a judgment of the superior court for King county, Jurey, J., entered December 9, 1916, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained through a fall upon a sidewalk. Affirmed.

*Hugh M. Caldwell* and *James A. Dougan,* for appellant.

*Howard O. Durk* and *Frank E. Green,* for respondents.

Mount, J.—This appeal is from a judgment for $500, rendered upon a verdict of a jury against the city of Seattle. It appears that the respondent Mrs. Blackwell, on the even-

[1] Reported in 167 Pac. 53.

ing of November 13, 1915, at about 9:30 o'clock, while walk-
ing along the west side of Rainier avenue, between Orcas and
Findley streets, in the city of Seattle, stumbled and fell over a
water pipe placed across the sidewalk. She was injured by
the fall. Thereafter she filed a claim against the city and
brought an action in her own name. Her husband, at that
time, was residing in the state of Oregon, where he had been
for a period of two years. When the case came on for trial,
it appeared that Mrs. Blackwell was married and not le-
gally separated from her husband. After the defendant had
moved to dismiss the case, a request was made to amend the
complaint by making the husband a party. The case was
thereupon continued and, by stipulation, Mr. Blackwell was
made a party plaintiff. The case was afterwards tried to
the court and a jury, and resulted in a verdict in favor of
the plaintiffs for the amount stated.

The appellant argues that the court erred in denying its
motion for a directed verdict, and for judgment notwith-
standing the verdict. This argument is based on the fact
that the claim for damages against the city was made by
the wife alone, the husband not joining therein. The evi-
dence shows, as we have above stated, that, at the time Mrs.
Blackwell was injured, her husband was residing in the
state of Oregon, while she was residing in the city of Seattle.
Her husband had been residing in the state of Oregon for
about two years, and did not return to this state until more
than sixty days after the injury. In the meantime, Mrs.
Blackwell made and filed the claim for damages against the
city. There was no legal separation, but there was an actual
living apart at the time of the injury to Mrs. Blackwell.
The question presented here was made in the case of *Davis
v. Seattle*, 37 Wash. 223, 79 Pac. 784. After some consid-
eration of the question, we there said:

"We fail to see why a wife might not, on behalf of the
community, present a claim for damages based upon personal
injuries sustained by herself."

We think that is decisive of the question presented here, especially where the husband is without the state when the injury occurs and does not return until after the time when the claim is required to be made and filed, as was the case here.

Appellant further argues that the respondent was guilty of contributory negligence, as a matter of law, and, for that reason, the court should have directed a verdict in favor of appellant. The facts testified to on behalf of the respondents are, in substance, that Mrs. Blackwell, at the time of her injury, lived upon Rainier avenue, north of Findley street; at that time, Rainier avenue was being improved; the sidewalks along the street were intact and were not closed; pedestrians were permitted to travel upon the sidewalks. Mrs. Blackwell had not been to her home for about a week. A water pipe, an inch or more in diameter, connecting with a store, had been run across the sidewalk. This pipe was an inch or more above the walk. Mrs. Blackwell and others testified that the place upon the sidewalk where the water pipe was placed was shaded, so that the pipe was not plainly visible; that, while she was walking along the sidewalk hurriedly, not seeing the pipe, she caught her foot under it, and was thrown upon the sidewalk and injured. It is argued by the appellant that, if Mrs. Blackwell did not know the water pipe lay across the sidewalk, she should have observed it, and was therefore guilty of contributory negligence. Ordinarily, a person traveling upon a sidewalk which is open for public travel is not required to examine it critically, but may use the same in the customary way for ordinary travel. A water pipe, an inch or more above the surface of a sidewalk, in the nighttime, especially where it is shaded, may not be observed by a pedestrian. It is clearly negligence for the city to place such an obstruction on a sidewalk without protecting it at night by a light or in some other way. We think it cannot be said, as a matter of law, to be contributory negligence when one who is walking along

a sidewalk in the ordinary way trips over a water pipe, an inch in diameter, which is placed an inch above such walk. We are satisfied that the question of contributory negligence was one of fact for the jury, rather than one of law for the court. *Welch v. Petley*, 89 Wash. 254, 154 Pac. 145; *Lautenschlager v. Seattle*, 77 Wash. 12, 137 Pac. 323.

A witness by the name of Roy Jones was asked this question:

"Was the darkness, the degree of darkness then such that one who didn't know that the pipe was there could not have seen it?"

The witness was permitted to answer this question to the effect that he did not think one would have seen it. It is argued by the appellant that the court erred in permitting the witness to answer this question; first, because there was no evidence that Mrs. Blackwell did not know of the existence of the pipe; and second, because the witness Jones was not qualified as an expert to answer that question. We think there is no merit in either of these contentions. Mrs. Blackwell testified that she did not know of the existence of the pipe. The question whether the degree of darkness was such that one who did not know the pipe was there could have seen it, was not a question which required expert evidence. Any person may testify concerning the degree of darkness, and we think such evidence does not fall within the rule of expert opinions.

Dr. E. C. Lanter was called as a witness on behalf of the appellant. He testified that, about a year before the accident happened, he had professionally treated Mrs. Blackwell. The doctor was then asked to describê her condition in the year 1914. The respondents' counsel objected to this question upon the ground that it was irrelevant and immaterial, and also stated that they had a right to object to it upon the ground that the relations between the witness and Mrs. Blackwell were confidential, but that, if the doctor desired to violate that confidence, respondents would not object

on that ground.  Thereupon the court told the doctor that, if he felt he was violating a professional confidence, he had a right to refuse to testify.  The doctor thereupon declined to testify, and appellant now argues that, because the respondents' counsel did not object to the testimony on the ground of privilege, the court should have required the doctor to answer the question.  Section 1214, Rem. Code, provides that no physician shall be examined as a witness without the consent of his patient.  No consent is given here, and clearly it was not the duty of the court to have required the doctor to testify under the circumstances.  *Noelle v. Hoquiam Lumber & Shingle Co.*, 47 Wash. 519, 92 Pac. 372.

We find no error in the record, and the judgment is therefore affirmed.

ELLIS, C. J., HOLCOMB, FULLERTON, and PARKER, JJ., concur.