ANTOINE v. SAXTON HARDWARE CO., INC.

(April 1, 1929. Opinion and Decree.)

428

M. C. Scharff, and Chas. W. Kehl, of New Orleans, attorneys for plaintiff, appellant.

Henry and Cooper and A. M. Suthon, of New Orleans, attorneys for Peerless Weighing Machine Company.

Milner and Porteous, of New Orleans, attorneys for Saxton Hardware Company, Inc., defendant, appellee.

JANVIER, J. Plaintiff alleges that she was injured as a result of stumbling over the platform portion of a penny-in-the-slot weighing machine. She claims that, because of a crowd which had assembled to watch a demonstration that was going on in the show-case of one of the defendant corporations, she was prevented from seeing the machine and that, in walking along the sidewalk, she tripped over it.

The machine was owned by the Peerless Weighing Machine Company and had been placed on the sidewalk in front of the store of Saxton Hardware Company, under an arrangement by which the earnings were to be divided between the two corporations on a basis agreed upon between them.

Plaintiff claims that the placing of the machine on the sidewalk was negligence, as it constituted an obstruction such as is prohibited by city ordinance. Our attention is not directed to the particular ordinance which it is alleged prohibits the practice of placing such weighing machines on the streets, but we are told in oral argument that the ordinance refers in general terms to obstructions, and does not specifically mention weighing machines or things of that kind.

Defendants contend that it is not negligence to maintain on the sidewalk a weighing machine of the type of the one in question, but that, even if it is negligence to do so, the proximate cause of the accident was not the presence of the weighing machine, but was the absence of care on the part of plaintiff herself in not looking where she was walking.

The trial court rendered judgment in favor of the defendant.

The machine consists of a platform and an upright portion. The upright was set close against the building and the platform, which projects about five inches above the ground and which is about sixteen or eighteen inches wide, extends out from the upright portion about two feet. The whole machine is painted with white enamel paint and is quite conspicuous.

It was shown that a permit for the location and maintenance of the machine had been obtained from the city authorities. From this it would appear that the ordinance referred to as prohibiting in general terms obstructions on sidewalks did not apply to devices of this kind; because the same authority which, by general ordinance, prohibited obstructions, by special permit allowed the machine in question and, in fact, allowed innumerable other similar machines to be placed in various localities all over the business section of the city.

The evidence as to how the accident happened is conflicting, but seems to preponderate against plaintiff's theory that she tripped or stumbled over the platform portion of the machine. We are of the opinion, after a reading of the testimony, that the true fact is that plaintiff was attempting to weigh herself on the scale, when one of the bundles she was carrying slipped from her arms, and that, in attempting to reach for this bundle, she fell. She was a very stout person and could not control her balance as well as a younger or more slender woman could have done. Since, on this point only a question of fact is involved, and since the trial court determined that question in favor of defendants, and since we believe that that decision was not only not clearly erroneous, but, on the contrary, was well justified by the evidence, we will follow the well-known rule and not reverse the trial court.

Even if we felt, however, that plaintiff's theory as to the facts is the correct one, we could not award her a judgment, since, to walk over such a machine as the one in question, even admitting that the placing of it on the sidewalk was negligence, constituted contributory negligence and bars recovery. Such an accident could not happen to a person using the sense of sight, as a pedestrian is always bound to do.

In Burke vs. Tricalli, 124 La. 774, 50 So. 710, the Supreme Court was dealing with a case of a person injured by stumbling over a small, wooden gutter, or drain, placed by the property owner across the sidewalk. The court held drains of that character, although they did constitute, to a certain extent, obstructions in the sidewalk, were usually found in many places in the city and that, as they could be seen by persons using the sense of sight, no recovery could be had by a person stumbling over one of them.

It is a well-known fact that weighing machines such as the one in question are found on almost every block in the business section of New Orleans, and it is also manifest that they can be easily seen by any person in possession of the sense of sight. It seems to us, therefore, that the doctrine announced in the Burke case, to which we have referred, is authority for us to hold that a person stumbling over such a machine in broad daylight cannot recover for any injuries which may be sustained.

Plaintiff's explanation that she could not see the machine on account of the crowd

is not convincing, because if there was a crowd which prevented her seeing it, the same crowd would have prevented her coming into contact with it.

Under either state of facts; whether she fell while standing on the scale, or tripped over it while walking, no recovery is authorized by law.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed, at the cost of appellant.