VINCENT v. NEW ORLEANS PUBLIC SERVICE, INC.

_____

(November 30, 1931. Opinion and Decree.)
(January 11, 1932. Rehearing Refused.)
(February 29, 1932. Writs of Certiorari and Review Refused by Supreme Court.)

_____

Dresner & Dresner, of New Orleans, attorneys for plaintiff, appellant.

Ivy G. Kittredge, of New Orleans, attorney for defendant, appellee.

HIGGINS, J. Plaintiff claims damages for personal injuries, etc., alleging that on October 14, 1929, at 2:30 o'clock p. m., she was a passenger on one of the defendant's street cars, which was proceeding in the direction of the lake on Broadway street; that she safely alighted from the car at the intersection of Benjamin street, and, while walking across from the lower to the upper side of Broadway street, the neutral ground of which was paved with Belgian blocks, she caught her right foot in a hole six inches long, four inches wide, and two inches deep, the hole being adjacent to the uptown rail, causing her to fall forward into the upper roadway of Broadway street, and, as a result thereof, she sprained her right ankle, suffered contusions and bruises, and ruined her clothing; that said injuries and damage were caused by the negligence of the defendant in not properly maintaining its roadbed in accordance with its franchise obligations.

In its answer, the defendant denies negligence, and avers that the Belgian blocks between the tracks were in good condition, and, in the alternative, charges the plaintiff with contributory negligence in failing to exercise ordinary care and caution.

The trial judge dismissed the plaintiff's suit, holding that the proof showed that at most one of the Belgian blocks had sunk not to exceed 1½ inches, a condition common on all streets of the city similarly paved, and therefore not a situation of apparent danger and not a breach of duty on the part of defendant for failing to repair it, and that such conditions are of such a slight nature as to fall under the rule "de minimus non curat lex." Plaintiff has appealed.

The plaintiff testified that she was a passenger on the defendant's street car, which was proceeding out Broadway street in the direction of the lake; that, upon reaching the intersection of Benjamin street, she got off the car, descending to the street safely, glanced out Broadway street to see if any automobiles or vehicles were ap-

proaching, and then proceeded from the lower side of Broadway street across the neutral ground and the double car tracks located therein; that, upon reaching the upper rail, her right heel was caught in a hole caused by the fact that one of the Belgian blocks adjacent to the rail had sunk; that she fell forward, spraining her right ankle and causing bruises and contusions to her knees and other parts of her body and ruining her clothing; that she was assisted to her feet by a Mr. Faulkenstein, who conveyed her to the home of one of her friends in the neighborhood, where first-aid treatment was administered.

Mr. Faulkenstein, as a witness for the plaintiff, testified that he was driving toward the river on Broadway street, and was about a half block from the plaintiff, when he noticed her fall from the upper side of the neutral ground into the gravel roadway adjacent to it; that there was a hole in the pavement such as plaintiff describes; that he picked her up and put her in his car and brought her to the home of one of her friends.

Mrs. Saxon and her daughter, to whose home plaintiff had been taken after her injury, corroborated her statement that she showed evidence of having received a very severe fall and that her clothing was damaged and soiled.

Plaintiff also offered two photographs of the locus in quo showing that one of the Belgian blocks adjacent to the upper rail had sunk, causing a depression there.

Plaintiff's brother, a civil engineer, testified that he examined and measured the hole and found it to be four inches by six inches and two inches deep.

The medical testimony corroborates plaintiff as to her injuries.

To prove its defense, the defendant offered the testimony of five of its employees, three of them from the claim department, one, a commercial photographer, and, the fifth, maintenance superintendent of tracks. They testified, in substance, that about a week after the accident they received a notice from the plaintiff of the alleged injury; that on October 21, 24 and 29, 1929, they repaired to the scene of the accident, examined the pavement on the neutral ground, and found a depression estimated from an inch to an inch and a half in depth by three inches long, caused by one of the Belgian blocks next to the upper rail sinking; that one of them attempted to put the toe of his shoe under the edge of the rail, but was unable to do so because the opening was not large enough; that the depression was slight, and that they did not deem it dangerous, or that it was necessary to make any repairs; that their two photographs represented the scene of the accident as of October 21, 24 and 29; that the condition found is common to paving with Belgian blocks because rain causes the filling in between the blocks to wash away, causing negligible crevices and in some instances slight depressions.

The trial judge found for the defendant on the ground that it was free from fault, but, conceding the contention of plaintiff that she still enjoyed the status of a passenger at the time she fell because she was on the company's right of way and that the hole into which she stepped was four inches by six inches and two inches deep, and that the defendant was guilty of negligence in permitting this condition to remain at a point where passengers are received and discharged by it as a carrier, the most favorable view we could take of the case as far as the plaintiff is concerned, but, without deciding those issues, concerning which we express no opinion, we pass to a

consideration of the plea of contributory negligence.

The plaintiff's evidence shows that it was a clear day and that the accident happened in broad daylight; that there was nothing to intercept the plaintiff's view of the hole; that it was obvious to one who would have looked in its direction; that there was no traffic in the vicinity at the time; that the plaintiff admits that she merely glanced towards the right to see if any automobiles were approaching on the uptown roadway of Broadway street; and that, while plaintiff testified that she was always careful to look where she was walking, on cross-examination finally admitted that she merely glanced at the path that she intended to travel, but did not notice the hole.

In the early case of Butterfield v. Forester (11 East. 60, Court of King's Bench [Eng.] decided in 1809), as quoted by Beach on Contributory Negligence (3d Ed.) paragraph 9, page 9, Lord Ellenborough gives the general statement of the law as follows:

"A party is not to cast himself upon an obstruction which has been made by the fault of another and avail himself of it, if he do not himself use common and ordinary caution to be in the right. One person being in fault, will not dispense with another's using ordinary care for himself. Two things must concur to support this action, an obstruction in the road, by the fault of the defendant, and no want of ordinary care to avoid it on the part of the plaintiff."

In commenting on the Butterfield case, Beach, in the same work, paragraphs 8, 9, and 246, uses this language:

"The doctrine of this case, then, plainly is, that although defendant may have been guilty of a want of ordinary care, tending to produce the injury complained of, still the plaintiff will not be entitled to recover damages if he could, by the exercise of ordinary care, have avoided the consequences of defendant's negligence, or, what is the same thing, that he cannot recover when his own negligence proximately contributed to produce the injury of which he complained. This rule not only commends itself to our instinctive sense of justice * * * that a man must take ordinary care of himself or suffer the consequences, but it is also in harmony with the spirit of the law in other respects. * * * It is a principle of law so consonant with justice and right reason, that it can never be overthrown."

In the Commentaries on the Law of Negligence by Thompson, volume 5, paragraphs 6241 and 6242, we find the following language:

"Generally speaking, unless the attention of the traveler is abstracted by some sufficient cause, his failure to look ahead of him and discover obvious dangers and defects will be imputed to him as negligence.

"The law will not excuse a traveler in failing to make such use of his faculties as will enable him to discover plain and obvious dangers in the highway or sidewalk in front of him."

In McQuillan on Municipal Corporations (2d Ed.) vol. 7, pp. 268 and 269, the law is stated as follows:

"One traveling along a street may presume it is safe. He need not keep his eyes fastened on the ground nor make an active search for defects. At the same time defects may be so obvious that a traveler must see them if he is paying attention to where he is going, and in such a case, the failure to observe the defect is generally held to be contributory negligence on the theory that it is not the act of an ordinarily prudent person."

See, also, Abbott on Municipal Corporations, volume 3, paragraph 1048; White on Negligence of Municipal Corporations, paragraph 576; Corpus Juris, volume 43, page 1014.

In the case of Antoine v. Saxton Hardware Company, 10 La. App. 427, 121 So. 371, this court held (syllabus):

"In action to recover for injuries sustained in stumbling over weighing machine placed on sidewalk, walking over machine in broad daylight would constitute contributory negligence and bar recovery, even if placing of machine on sidewalk was negligence."

See, also, Burke v. Tricalli, 124 La. 774, 50 So. 710.

In Peetz v. St. Charles Street Ry. Co., 42 La. Ann. 541, 7 So. 688, 689, a lady at night tripped on a plank two inches above the level of a bridge. The court said:

"It is not possible justly to charge to the defendant that to which plaintiff's own sad fate contributed, at least in part.

"To hold for plaintiff would be, in effect, to decide that whenever an accident occurs on uneven sidewalks, or in crossing bridges not level, without regard to the lack of care, damages can be recovered. * * *

"However desirable it may be that all the streets be level, it is not a possibility.

"The regrettable accident is not one for which the defendant can be held in damages."

In the case of Carroll v. New Orleans Railway & Light Company et al., 132 La. 683, 61 So. 752, 753, where a passenger was discharged from a street car at night, six or eight feet from a hole six feet by two feet and four or five inches in depth in the street adjacent to its tracks, the court, in denying recovery, said:

"Plaintiff, we think, did not exercise ordinary care and prudence on the occasion in question. She was in a hurry to catch the next car on the Napoleon avenue line, and took the lead of her husband, and sister, and other passengers, and walked rapidly in the dark over an unpaved street, in which ruts, holes, and depressions might be expected in the winter season.

"The depression in question, seems to have been noticed only by a few persons prior to the accident, and its dimensions were not of a nature to attract public attention. It does not appear that any complaint of the existence of this hole was ever made to the City authorities, or that any officer of the City had any notice of its existence. It is a matter of common knowledge that similar holes exist in all the dirt streets of the City of New Orleans.

"On the facts of the case as disclosed by the record, the plaintiff was more to blame than the Railway Company, and the City had no notice, actual or constructive, of the alleged dangerous defect in Prytania street."

In the light of the foregoing authorities, and in view of the plaintiff's testimony that she only glanced at the portion of the neutral ground over which she was walking, but that, if she had looked, she could have easily seen the hole into which she stepped, we conclude that she was guilty of contributory negligence, particularly since there was nothing to obstruct her view and since, if she had been exercising ordinary care and caution, she would have seen the hole and have avoided it and thereby prevented the unfortunate accident.

Counsel for plaintiff mainly rely upon the case of Mahnke v. N. O. City & Lake R. Co., 104 La. 411, 29 So. 52, where a lady passenger, after being discharged from the street car, stepped into a hole between the tracks and broke her ankle. In that case the court allowed recovery because the accident happened at night, finding that the street lamps were dimly lighted and that the hole in the track was obscured by a shadow from a post, and hence that the plaintiff was not guilty of contributory negligence. Obviously that case is not applicable.

For the reasons assigned, the judgment is affirmed.