## BAUDRY v. NEW ORLEANS PUBLIC SERVICE, Inc. *
### No. 14117.

Court of Appeal of Louisiana.  Orleans.
Dec. 19, 1932.

Ivy G. Kittredge, of New Orleans, for appellant.

M. C. Scharff, of New Orleans, for appellee.

HIGGINS, J.

Plaintiff claims damages for personal injuries, medical expenses, etc., said to have re-

*Rehearing denied January 16, 1933.

sulted from "stumbling and falling to the pavement" on account of a hole therein, adjacent to the tracks of the defendant street railway company, on the neutral ground at the corner of St. Charles and Canal streets, this city, on October 6, 1928, about 1 o'clock p. m. Defendant admitted that it was obligated under its franchise to maintain its right of way between the tracks and eighteen inches on each side, but denies that the break in the pavement was dangerous, and, in the alternative, pleaded contributory negligence.

There was judgment in favor of the plaintiff for $600, and defendant has appealed.

The sole witness to the accident was the plaintiff. She testified that she walked along the neutral ground on Canal street from the intersection of St. Charles street, for a distance of about 50 feet, for the purpose of boarding one of defendant's street cars in order to go home; that, as she was looking out Canal street towards the lake from which direction she expected her car to approach, she stepped into a hole in the pavement about six inches from the upper rail and fell, causing the alleged injuries; that the hole was in the vicinity where the street cars usually stopped for the purpose of admitting and discharging passengers; that she was 30 years of age, weighed 168 pounds, had good eyesight; that the weather was clear; and that there were no other persons present at the time she fell and nothing to obstruct her view of the hole.

Defendant's witnesses consisted of its employees who went to the scene of the accident after the plaintiff's attorney notified the defendant for the first time on November 13, 1928, that she had been injured. They examined the break in the pavement and found that it was about three feet in length along the upper rail, extending irregularly outward for a distance of eighteen inches and a depth of one-half inch from the upper edge to about one inch adjacent to the rail; that the break in the pavement was caused from the cement which forms the smooth surface of the pavement becoming cracked and breaking off from the concrete base on which it rested.

Pretermitting any discussion of the question of defendant's negligence, we shall first consider the plea of contributory negligence because, if plaintiff was guilty of carelessness and negligence which proximately caused the accident, she is not entitled to recover. Plaintiff admits that it was a clear day; that her eyesight was good; that there was nothing to obstruct her view of the hole; that she was not in a hurry; and that there was no congested or crowded condition, as she was the only one present. On cross-examination, she testified as follows:

"Q. You were thinking about something else as you walked down? Was your attention distracted or were you watching where you were going? A. I was watching for my car. I had all my mind on going home, and I was right there, nothing else on my mind.

"Q. Your car had not come yet? A. No sir, it had not come."

The photographs introduced in evidence by the defendant show that the hole was very obvious; that to the upper side of this break in the pavement there was a wide smoothly paved place upon which plaintiff could have walked. The conclusion is inescapable that, if plaintiff had been paying attention to where she was walking and using ordinary care in observing the route that she elected to pursue, she would have seen the break in the pavement and avoided it.

We believe the case of Vincent v. New Orleans Public Service, Inc., 18 La. App. 704, 138 So. 129, which was recently decided by this court and in which the Supreme Court refused writs of certiorari, is absolutely in point on the question of contributory negligence. In that case the plaintiff, at 2:30 in the afternoon, after descending from a street car, stepped into a whole six inches long, four inches wide, and two inches deep, adjacent to the track, and fell. There, as here, the accident happened during the daytime. The court said that there was nothing to obstruct plaintiff's view, and, if she had used ordinary care in observing the path which she was using, she would have discovered the hole and avoided the accident. She was held to be contributorily negligent. We do not believe that that case and the cases therein cited can be distinguished from the instant one, and conclude that the plaintiff is not entitled to recover because her own negligence and carelessness in not using ordinary care in observing where she was walking was a proximate cause of the accident. See, also, Moise v. N. O. P. S. et al., 19 La. App. 703, 140 So. 505.

For the reasons assigned, it is ordered that the judgment appealed from be, and it is, reversed, and it is now ordered that there be judgment dismissing plaintiff's suit at her cost.

Reversed.