## BURNS v. CITY OF NEW ORLEANS et al.
### No. 14614.

Court of Appeal of Louisiana. Orleans.
May 21, 1934.

Wisdom & Sokolsky and John Minor Wisdom, all of New Orleans, for appellant.

E. M. Robbert, City Atty., and Henry B. Curtis and Chas. A. O'Niell, Jr., Asst. City Attys., all of New Orleans, for appellee city of New Orleans.

Gus A. Llambias, of New Orleans, for appellee Sewerage & Water Board.

HIGGINS, Judge.

■ This is an action ex delicto by a pedestrian against the city of New Orleans and the sewerage and water board, in solido, to recover damages for personal injuries said to have been sustained as a result of tripping over a stopcock, or cut-off pipe, imbedded in the sidewalk on Amelia street, in this city, on February 12, 1932, about 7:15 p. m. The sewerage and water board is sought to be held liable on the theory that the alleged projection was the result of faulty installation of the pipe by its employees and the city on the ground that it had actual knowledge and/or constructive notice of the said obstruction by reason of its inherently dangerous condition that existed for a period of several years.

The defendants denied that they were in any way at fault, and the city further denied that it had either actual or constructive notice of the alleged dangerous condition of the sidewalk.

There was judgment dismissing the suit, and the plaintiff has appealed

Plaintiff, aged 55 years, was walking on Amelia street between Constance and Laurel streets toward the river at the time in question. According to her uncontradicted testimony she tripped over a stopcock pipe imbedded in the brick pavement and fell heavily, sustaining painful injuries. At the time of the accident it was dark, and she states that the street light was inadequate, and that the projection was obscured by the shadows from nearby trees and a fence.

It appears that the 3-inch pipe was installed in 1912 and at that time was even with the surface of the bricks with which the sidewalk was paved. The bricks on the lake side of the pipe had sunk three-fourths of an inch; on the other, or river side of the pipe, the bricks were flush with the top of it. The sidewalk was otherwise in good condition, except for one or two uneven places described as being about two feet in area and one-inch deep.

The trial judge found that there was no evidence to show that the pipe had been negligently installed by the employees of the sewerage and water board, and the record clearly supports him in that respect.

■ The next issue is whether or not there was an inherently and patently dangerous condition existing in the sidewalk. Assuming that the condition of the sidewalk complained of was dangerous, and hence would not fall within the category of slight or infinitesimal defects, concerning which the authorities are clear to the effect that the city would not be liable on the theory of "de minimis non curat lex," a view most favorable to the plaintiff, but without deciding that issue, we shall pass to a consideration of the question of actual knowledge or constructive notice thereof by the city authorities. The record is devoid of any proof that the municipal officials had any actual knowledge that the brick had receded from one side of the pipe.

In the case of Wiltz v. City of New Orleans, 2 La. App. 444 the court said: "It is true as a general rule that the City of New Orleans is liable for an injury suffered by a pedestrian in walking over a sidewalk owing to its defective condition. But that responsibility exists only when the defective condition is dangerous or calculated to do injury, 28 Cyc. 1367, note 86, pp. 1384, 1388, and when the

city has actual or constructive knowledge of the defective condition."

In the case of Miller v. City of New Orleans, 152 So. 141, 142, where the plaintiff sued for damages for personal injuries resulting from stumbling over the metal edging of a sidewalk curbing, this court said:

"A municipality is, of course, not liable for the results of all defects in sidewalks, streets, or highways.

"In the first place, in order that there be liability, there must exist a condition which is patently dangerous even to reasonably careful and ordinarily prudent persons.

"In the second place, even if the defect be one which is obviously dangerous, the municipality, in the absence of statute specifically fixing liability cannot be held unless it has had actual notice of the existence of the defect sufficiently in advance of the accident to have had opportunity to make the necessary repair, or unless the defect has existed for a sufficient time to render it proper to say that the municipality should be charged with knowledge of its existence, or, to use the usual expression, has had constructive notice thereof."

In Tiller v. City of Monroe, 5 La. App. 473, where the plaintiff injured her foot on a signpost which had fallen across the sidewalk, the court used the following language: "The great weight of authority seems to be that the burden of pleading and proof is on the plaintiff in actions such as the present, to show that the city had notice." See, also, Abbot on Municipal Corporations, vol. 3, par. 1034, page 2329; White on Negligence of Municipal Corporations, par. 788, page 941.

Counsel for plaintiff argues that a small defect is dangerous because it would be less conspicuous, citing Moise v. New Orleans Public Service, Inc., 19 La. App. 703, 140 So. 505; Peetz v. St. Charles Railway Co., 42 La. Ann. 541, 7 So. 688; Burke v. Tricalli, 124 La. 774, 50 So. 710; Rock v. American Const. Co., 120 La. 831, 45 So. 741, 14 L. R. A. (N. S.) 653; Aucoin v. City of New Orleans, 105 La. 271, 29 So. 502; McQuillan on Municipal Corporations, vol. 7, §§ 2974 and 3013; Mosheuvel v. District of Columbia, 191 U. S. 247, 24 S. Ct. 57, 48 L. Ed. 170; Goodman v. Village of McCammon, 42 Idaho, 696, 247 P. 789; Merwin v. Utica, 172 App. Div. 51, 158 N. Y. S. 257; Powers v. Village of Mechanicville, 163 App. Div. 138, 148 N. Y. S. 452; Blackwell v. Seattle, 97 Wash. 679, 167 P. 53; Parrish v. City of Huntington, 57 W. Va. 286, 50 S. E. 416; Loan v. City of Boston, 106 Mass. 450; Wilkins v. Village of Rutland, 61 Vt. 336, 17 A.

735; Archer v. City of Mt. Vernon, 57 App. Div. 32, 67 N. Y. S. 1040; Sunapi v. Lee (R. I.) 102 A. 961; Wile v. Los Angeles Ice & Cold Storage Co., 2 Cal. App. 190, 83 P. 271; Lamb v. Worchester, 177 Mass. 82, 58 N. E. 474; Bieber v. St. Paul, 87 Minn. 35, 91 N. W. 20; Shugren v. Salt Lake City, 48 Utah, 320, 159 P. 530.

It appears to us that this same line of reasoning would be equally applicable when we consider the question of constructive notice. In short, it is more difficult to prove constructive knowledge of a small and obscure defect than of a larger and glaring one. However, there is nothing in the record to show that any one else ever tripped, or stumbled, over the pipe, or that any one considered it so dangerous that they notified, or attempted to notify, the city authorities thereof.

It must be conceded that the defect was slight and obscure. The condition complained of was not patently or obviously dangerous.

In Brown v. City of New Orleans, 7 La. App. 611, the plaintiff sued the city for damages as the result of falling and injuring herself on a sidewalk. In dismissing the suit, we said: "Actual or constructive knowledge is necessary in order to charge the city with responsibility. Actual knowledge is not claimed, but it is insisted that 'negligent ignorance is equivalent to actual knowledge,' Lorenz v. City of New Orleans, 114 La. 802, 38 So. 566, and that the city had constructive knowledge. But in order to impute knowledge to the city of a dangerous condition of the sidewalk there must, in fact, have existed a dangerous defect. The two-inch depression was not dangerous and neither actual nor constructive knowledge could aggravate the defect. Sidewalks must be reasonably safe, not perfect nor foolproof." See, also, Collins v. Lyons, 9 La. App. 736, 120 So. 418.

The plaintiff also failed to prove that the alleged defect had been in existence for a reasonable length of time, and that the city neglected to repair it. While the evidence tends to show that the pipe and the bricks on the sidewalk had been laid a number of years ago, there is nothing in the record to indicate when the brick receded from its position adjacent to the pipe.

We are of the opinion that, under the circumstances of this case, it cannot be said that the city had constructive notice of the defect in the sidewalk. Consequently there is no liability.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.