BARNES v. CITY OF NEW ORLEANS

(May 10, 1926.  Opinion and Decree.)
(May 24, 1926.  Rehearing Refused.)
(June 30, 1926.  Writ of Certiorari and Review Denied by Supreme Court.)

(Syllabus by the Court)

1. Louisiana Digest—Municipalities — Par. 255, 256.

The duty of municipal corporations is only to see that its sidewalks are reasonably safe for persons exercising ordinary care and prudence.

2. Louisiana Digest—Municipalities — Par. 263.

A person who has passed over a sidewalk daily for several years and is acquainted with its bad condition cannot recover damages against the city if, at 8:40 in the morning, she stumbles and falls, owing to the defective condition of the sidewalk.

Appeal from the Civil District Court, Division "F", Hon. Percy Saint, Judge.

Action by Sadie Barnes against City of New Orleans.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

S. F. Gautier and Geo. E. Williams, of New Orleans, attorneys for plaintiff, appellee.

M. Provosty, Woodville & Woodville and C. E. Torjusen, of New Orleans, attorneys for defendant, appellant.

OPINION

CLAIBORNE, J.    Plaintiff in walking along the banquette tripped and fell and was injured.

Hence this suit.

The plaintiff alleged that on the morning of April 7, 1920, at 7:40, she was walking on the banquette in front of the property owned by the defendant, Mrs. J. Nelson, on Toulouse street, between David and Carrollton avenue, when she suddenly fell into a large hole on the banquette, which she had not observed on account of the grass which covered it; that she sustained severe injuries about her body, particularly about her feet, one of which was broken and the other sprained; that she suffered greatly and was confined to her home under the treatment of two physicians; that the dangerous condition of said banquette or sidewalk had been of long standing to the knowledge of both defendants by repeated notices and complaints; that at the time of her injury plaintiff had not seen or observed the hole in the sidewalk, though she was exercising due care, owing to the great amount of grass and weeds covering said sidewalk; that her injury was caused by the failure of defendants to keep the sidewalk in good condition as the law requires them to do.  She claimed $2000.00 damages.

The defendants pleaded no cause of action.  The exception was overruled.

The City of New Orleans denied all the allegations of the petition and pleaded contributory negligence on the part of the plaintiff.

There was judgment in favor of Mrs. Nelson rejecting plaintiff's demand against her, and in favor of plaintiff against the City of New Orleans for $500.00.

The City of New Orleans has appealed.

Plaintiff is the only witness who testifies as to her fall with any degree of certainty. She says a colored man saw her fall and came to her assistance. But he is dead. Another witness, Mrs. Mary Stevens, says that she was coming out of the grocery store, presumably at the corner, when she saw plaintiff fall and a negro go to her assistance. She was therefore about half a block away, yet plaintiff testified that no one saw her fall except the negro.

For five days after her fall, plaintiff continued to go to her work, and it was only then that she consulted a doctor. She does not testify that she paid any doctors' fees, nor that she lost any time from her work at the New Orleans Railway and Light Co. The injuries she complained of, a sprain and a cracked heel, were all latent, not visible to the naked eye, and known only to herself, not even her doctor.

The evidence of plaintiff's witnesses, Jones, Enright and Muller, is that the sidewalk along Toulouse street, in the block between David and Carrollton avenue, was not paved at all until Brooks' property was reached in 1920 at the corner of Carrollton avenue. The remaining testimony leaves us under the impression that the only improvement over the dirt itself on the banquette consisted of slabs of stone or cement thrown upon the ground. Of course, the city is not liable for the condition of such a sidewalk which is not paved.

But the city pleaded contributory negligence. In that defense we think she has succeeded. The accident occurred, according to plaintiff's testimony, at about 8:40 A.M. on a dry day. She had lived on Toulouse street, near David, for several years. Every day she walked up and down that street going to her work and returning; she saw and knew the condition of that sidewalk; as she walked that morning, if there was a hole one foot deep she could have seen it had she been as careful as the condition of the sidewalk, as she described it, required. Half a dozen witnesses, all her own, testify to the delapidated condition of that sidewalk.

"The duty of a municipal corporation is only to see that the sidewalks are safe for persons exercising ordinary care and prudence. * * * One not exercising ordinary care and prudence is guilty of contributory negligence and cannot recover for injuries received in an accident which might have been avoided by their exercise."

Peetz vs. R. R., 42 La. Ann. 54, 7 South. 688.

Blume vs. City of New Orleans, 104 La. 345, 29 South. 106.

Goodwyn vs. City of Shreveport, 134 La. 820, 64 South. 762.

Chaffraix & Agar vs. Lafitte & Company, 30 La. Ann. 630.

Shidet vs. Jules Dreyfuss Company, 50 La. Ann. 280, 23 South. 837.

Goldman vs. Goldman, 51 La. Ann. 761, 25 South. 555.

Tatje vs. Frawley, 52 La. Ann. 884, 27 South. 339.

Burke vs. Tricali, 124 La. 774, 20 South. 710.

A distinction must be made between accidents at night, quoted in plaintiff's brief, and those happening in daytime.

Plaintiff says she could not see the broken pavement nor the hole in the ground on account of the grass and weeds growing over it three feet high. This court will take judicial cognizance of the fact that in April vegetation has not yet acquired that growth, as she had been walking upon the sidewalk, year in and year out, for several years prior to the accident she was sufficiently acquainted with its condition during all seasons. If that side of Toulouse street was bad she could have taken the other side. When two roads, one with and the other without danger, are open to plaintiff and she chooses the former and is hurt, she cannot recover damages.

Johnson vs. Canal & Claiborne R. R. Co., 27 La. Ann. 53.

Settoon vs. Texas & Pacific Railway Company, 48 La. Ann. 807, 19 South. 759.

Fils vs. Iberia, St. M. & E. R. R. Co., 145 La. 544, 82 South. 697.

A plaintiff himself guilty of negligence cannot recover.

Borell vs. Cumberland Telegraph & Telephone Company, 133 La. 630, 63 South. 247.

There is nothing in the record to show that the city authorities were made acquainted, prior to the accident, with the conditions of the sidewalk, except the testimony of the plaintiff herself.

She says she telephoned to the City Hall and asked for Mayor Behrman; she received an answer, but she does not know from whom; she was told Mayor Behrman could not be seen. She complained rather of the grass than of the pavement. Of course, it was necessary that her communication would have reached some official charged with the duty of making repairs to sidewalks. A notice to a porter would not have been sufficient. Weinhardt vs. City of New Orleans, 125 La. 351, 51 South. 286. She did not notify either of the defendants after her accident. She says she fell April 7, 1920, and this suit was filed only on April 5, 1921, on the eve of prescription. See Wiltz vs. City, 2 La. App. 444.

It is therefore ordered that the judgment herein be reversed, and it is now ordered that there be judgment in favor of the City of New Orleans rejecting plaintiff's demand at her cost in both courts.