MOISE v. NEW ORLEANS PUB. SERVICE, INC., ET AL.

(March 21, 1932. Opinion and Decree.)
(April 18, 1932. Rehearing Refused.)

J. J. Conners and M. C. Scharff, of New Orleans, attorneys for plaintiff, appellee.

Ivy G. Kittredge, of New Orleans, attorney for New Orleans Public Service, Inc., defendant, appellant.

Michel Provosty and Charles A. O'Niell, Jr., of New Orleans, attorneys for City of New Orleans, defendant, appellant.

WESTERFIELD, J. Mrs. Isabella Bisson brings this suit against the City of New Orleans and the New Orleans Public Service, Inc., in solido, claiming $15,000 for physical injuries alleged to have been sustained on May 7, 1929, as a result of an accident caused by tripping on a metal gas box, which had been installed by the defendant New Orleans Public Service in the brick sidewalk in St. Andrew street, between Constance and Laurel streets. The liability of the City of New Orleans was predicated upon the fact that the sidewalk adjacent to the metal gas box was in a very bad condition, the bricks for a considerable space adjacent thereto having been removed or destroyed.

The City of New Orleans answered denying that the locality was dangerous and denying that it had either actual or constructive knowledge thereof and, in the alternative, pleaded contributory negligence.

The New Orleans Public Service, Inc., denied that it was in any way negligent and, also pleaded contributory negligence in the alternative.

The gas box, which was about five inches in circumference and fitted with a metal cover, was imbedded in the sidewalk, having been installed about sixty years ago. About thirty years ago the device was found to be obsolete and was sealed over with concrete and allowed to remain in the sidewalk, the top of the box being on an exact level with the surrounding bricks. Thereafter, in some way the bricks were removed or destroyed with the result that the top of the gas box protruded two and one-quarter inches, the height of the missing bricks, above the level of the depression, the area surrounding the gas box from which the bricks had been removed being about one yard square. There was also another hole or depression in another part of the pavement near the gas box, but not involved in the accident, and only mentioned here to indicate the dilapidated condition. The negligence of the Public Service is alleged to consist in permitting the gas box to remain in the sidewalk after having abandoned the use thereof, and the negligence of the City of New Orleans in that it failed to keep its sidewalk in a safe condition for public use.

The accident occurred at 9:30 at night when the plaintiff, who is a trained nurse, was returning to her home, No. 911 St. Andrew street, the gas box being located in front of the premises 909 St. Andrew or about 21 feet from her front gate. She had been living at that address for about six months prior to the accident and knew of the defective pavement. The light from the street lamps was sufficient to reveal the insecure footing, if it may be so considered. She admits that the light was not bad or, as she puts it, "It wasn't so bright and it wasn't so dark. Good enough for you to see." She explains her fall by saying that she was looking ahead "where I was walking." Under the circumstances we believe she was guilty of contributory negligence. She had lived within a few feet of the hole in the pavement and the protruding gas box for six months and the pavement had been in that condition all

of that time. In addition to the defects in the sidewalk surrounding the gas box there was another hole in the pavement, so that it seems to us impossible for plaintiff to have escaped realization of the character of footing in that vicinity.

She was under no obligation to keep her eyes fastened upon the ground searching for defects, but she was charged with the duty of exercising ordinary care in traversing a locality, the dangers of which were quite *obvious* and with which she must have been very familiar.

"Generally speaking, unless the attention of the traveler is abstracted by some sufficient cause, his failure to look ahead of him, and discover obvious dangers and defects, will be imputed to him as negligence." Thompson on Negligence, vol. 5, par. 6241.

"A traveler need not keep his eyes fastened on the ground * * * nor make an active search for defects. * * * At the same time defects may be so obvious that a traveler must see them if he is paying any attention to where he is going, and in such a case, the failure to observe the defect, is generally held to be contributory negligence, on the theory that it is not the act of an ordinarily prudent person." McQuillan, Municipal Corps., 2nd ed., vol. 7, pp. 268-269.

It is said, however, that she was accustomed to use the opposite side of the street in going to her home and, therefore, was not as familiar as she might have been with the locality adjacent to the gas box. It, however, appears that she had often used the dangerous route and had frequently visited a friend of hers, a Mrs. Fisher, who lived next door to the premises in front of which the gas box was situated, but in any event, if the other route which she was accustomed to use was safe and the one which she used on the night of the accident dangerous, she should have taken the safe route, for where two routes are open to a pedestrian, one with and one without danger, it is negligence to take the dangerous route, particularly at night. Barnes v. City of New Orleans, 4 La. App. 503.

Our conclusion is that plaintiff was guilty of negligence which contributed to her injury, consequently, assuming the defendants to be guilty of the negligence charged in plaintiff's petition, she could not recover because of familiar principles of law.

For the reasons assigned the judgment appealed from is reversed and it is now ordered that there be judgment in favor of the defendants, dismissing plaintiff's suit.