This is a suit against the City of New Orleans brought by Mrs. Bertha Meyer Kuntz and her husband, James Kuntz, for damages due to physical injuries sustained by Mrs. Kuntz as the result of a fall, and medical expenses incurred by her husband. The accident occurred at 8 p.m. on June 16, 1939, and is said to have been caused by the defective and dangerous condition of the lakeside banquette of Carondelet Street between Jackson Avenue and Phillip Street. The aggregate amount claimed is $5,147.33.
The City of New Orleans denies liability on the ground that the sidewalk was not dangerous and, in the alternative, that if dangerous, it had no actual or constructive knowledge of its condition and finally, that if the city was negligent, Mrs. Kuntz was guilty of contributory negligence which prevents her recovery.
There was judgment below dismissing plaintiffs' suit and they have appealed.
We have no difficulty in reaching the conclusion that the city was negligent. The photographs in evidence indicate that large areas of the sidewalk in the vicinity of the accident had been destroyed by the roots of trees which caused the bricks, out of which the sidewalk was constructed, to be loosened and, in many instances, the bricks had been removed. This condition had existed for many years, consequently, under numerous decisions of the appellate courts of this state, the city must be deemed to have had constructive knowledge.
In McQuillin's Municipal Corporations, 2d Ed., Vol. 7, p. 240, we find the following: "Constructive Notice Based on Length of time. Without variableness the late decisions apply the general rule that if the defective condition or danger which caused the injury had existed for such a period of time that the municipal authorities by the exercise of ordinary care and diligence must have known of its existence, and could have guarded the public against it and failed to do so, notice will be imputed to the municipality."
See, also, Lorenz v. City of New Orleans, 114 La. 802, 38 So. 566; Weinhardt v. City of New Orleans, 125 La. 351, 51 So. 286; Tiller v. City of Monroe, 5 La.App. 473; Holbrook v. City of Monroe, La.App., 157 So. 566; Parker v. City of New Orleans, La.App., 1 So.2d 123.
The plea of contributory negligence is not so easily disposed of. Mrs. Kuntz had lived in the neighborhood for eight years and was very familiar with the condition of the banquette. She testified that she was in the habit of walking down the middle of the street because of its dangerous condition. On the night of the accident a heavy rain was falling. Mrs. Kuntz had no umbrella and was eager to reach her home as soon as possible and, because the traffic in the street was heavy, she decided to risk the dangerous sidewalk.
It appears that there was a path near the property line which Mrs. Kuntz described as being about a foot and a half in width which was safe for pedestrians, but that the remainder of the banquette was made up of loose bricks and open spaces from which some of the bricks had been removed. Mrs. Kuntz says that because of the heavy rain on the night in question she was unable to determine the limits of the path from which the bricks had been removed, the banquette being completely covered with water. In fact, as she puts it, the water was up to her shoe tops.
Plaintiffs rely upon two cases. Labarre v. City of New Orleans,106 La. 458, 30 So. 891, and Cato v. City of New Orleans,4 So.2d 450, a late case decided by this court.
In the Labarre case decided by our Supreme Court in 1901, the city was held liable under circumstances somewhat similar to those which obtain here. It was said there: "The evidence shows the condition of the sidewalk at the point where the fall occurred was such as to present the element of danger to pedestrians on a dark night, such as the one in question; and this was augmented by the fact that on the day and evening of the date of the accident heavy rains had flooded the street, filling the lower level of the sidewalk flush with the higher level along which the plaintiff was walking, and thus concealing the discrepancy, and rendering entirely unapparent to her the danger of the situation".
However, in that case Mrs. Labarre was not familiar with the condition of the banquette for the court says: "She had not, it seems, traveled it enough to be familiar with its dangers".
In the present case, Mrs. Kuntz was acutely conscious of the danger. *Page 660 
In the Cato case the facts were also similar to those presented here. There a thirteen year old child was injured when she stepped on a brick which either turned or broke causing her to fall. The accident happened at 7:30 on a rainy night. It was contended that there was a path on the sidewalk which the Cato child might have used with safety, but we held that the city had failed to prove its existence. In the case before us, Mrs. Kuntz, when asked whether there was such a path on the sidewalk, replied in the affirmative.
We are of the opinion that the question of liability of the city under the facts presented in this case is a very close one, but are constrained to hold that a mature woman, who had lived in the neighborhood for eight years, and who was so impressed with the dangerous condition of a part of the banquette that she was accustomed to walking in the street, and who knew of the narrow strip or safety zone which she might have used, must be held to be guilty of contributory negligence in using the unsafe portion of the banquette, notwithstanding the fact that the weather was inclement, rain was falling and darkness prevailing.
Finally, and most important Mrs. Kuntz, when she fell was not walking on the path which, according to the evidence, was near the fence, but out toward the curbing in a vicinity she knew to be unsafe and where she tripped and fell near the roots of an oak tree, as she herself pointed out by marking the spot on a photograph which is in evidence.
It would seem, therefore, that this case falls within the rule that when there are two paths open to a pedestrian, one of which is safe and the other dangerous, and the dangerous one is selected, the pedestrian cannot recover for consequential injuries.
In Barnes v. City of New Orleans, 4 La.App. 503, we said: "When two roads, one with and the other without danger, are open to plaintiff and she chooses the former and is hurt, she cannot recover damages."
Moreover, in a case of this kind the conclusion reached by the trial judge is an important consideration.
For the reasons herein assigned, the judgment appealed from is affirmed.
Affirmed.
SIMON, J., dissents.
 *Page 17