On May 5th 1939, Mrs. Jacob H. Bodenheimer sustained serious and painful personal injuries when she fell on the sidewalk of Hurst street near the corner of Webster street in the city of New Orleans. Claiming that her fall and ensuing injuries are directly due to the negligence of the city of New Orleans and Elmo D. Cire, the owner of the real estate abutting the sidewalk, she instituted this suit for the recovery of damages in the sum of $10,000. Her husband, Jacob H. Bodenheimer, joined as a co-plaintiff in the case and seeks recovery of the sum of $2,991.05, representing expenses which he has allegedly incurred as a result of the accident.
Plaintiffs allege in their petition that Mrs. Bodenheimer's fall was occasioned by the existence of a dangerous defect in the brick sidewalk, which contained a depression along its edge about five feet in length, two and one-half feet in width and a varying depth of as much as two and one-half inches at some points; that, since the defect had existed for a long period of time, the city of New Orleans was chargeable with notice of it and that the city is therefore liable for the damages resulting from its failure to keep the sidewalk in good condition and repair. They further allege that the defendant, Cire, is liable with the city of New Orleans, in solido, because the defective condition of the sidewalk was primarily due to his negligence; that he had erected on his building, which abuts the sidewalk, a downspout which drained the rainwater from his roof; that said downspout was constructed and located in such a manner as to cause a continuous drain of water from the roof of his building onto the sidewalk and that, as a result of the constant dripping of rainwater from the downspout, the foundation under the brick composing the sidewalk had washed away and had caused the bricks to become displaced and depressed.
The city of New Orleans admits the happening of the accident but resists plaintiffs' demand on the grounds (1) that the sidewalk was not unsafe for use; (2) that it had neither actual nor constructive notice of the existence of the alleged defective condition and (3), in the alternative, that Mrs. Bodenheimer was guilty of contributory negligence in failing to exercise care and caution in using the sidewalk.
The defendant, Cire, likewise resists liability. He denies that the sidewalk was defective and asserts that, even if it is held otherwise, he is not responsible for its condition. In the alternative, he pleads the contributory negligence of Mrs. Bodenheimer as a bar to plaintiffs' recovery.
After hearing evidence on the foregoing issues, the district judge, being of the opinion that Mrs. Bodenheimer was guilty of contributory negligence, rendered judgment in favor of defendants. Plaintiffs have appealed.
This appeal presents several questions of law and fact, some of which are common to both defendants and others which are personal to each.
The first question is whether the sidewalk was reasonably safe for the use of pedestrians. An examination of the record leaves no doubt in our minds that it was not. On May 8th 1939, three days after the accident, plaintiff had Mr. Frank H. Waddill, a civil engineer and surveyor of many years' standing in this community, make an inspection of the sidewalk and draw a sketch, which gives an accurate description of the defect. This sketch reveals that the sidewalk, at a point approximately 15 feet from the corner *Page 226 
of Webster street, contains a marked depression in the bricks extending for a length of approximately five feet by a width of two feet in some places. This depression, which is located at the edge of the walk, is described by Mr. Waddill to be an irregular shaped area which has a varied depth of between one and one-half to two and one-half inches. Two photographs, which were taken by a commercial photographer on the day after the accident, clearly portray the nature of the depression and exhibit, to our satisfaction, that the defect is patently dangerous to the safety of pedestrians.
Of course, the mere fact that the sidewalk is defective is insufficient, under our jurisprudence, to render the municipality liable unless it has had actual notice of the defect or unless the condition has been in existence for such a length of time as to warrant the conclusion that the municipality is chargeable with constructive notice. See Parker v. City of New Orleans, La.App., 1 So.2d 123, and authorities there cited. In the instant case, plaintiffs do not contend that the city had actual notice of the defect. However, they assert that the evidence discloses that the dangerous condition existed for such a length of time as to justify a holding that the city had constructive notice.
We are in accord with plaintiffs' contention. The photographs of the defective sidewalk exhibit that the nature of the depression is such that it could not have been of recent origin but that the condition developed gradually as a result of disintegration of the foundation. Evidence presented by plaintiffs discloses that the defect was caused by the constant drain of rainwater from the downspout situated on the canopy or roof of the building owned by the defendant Cire and that this constant dripping of water caused the foundation of the brick sidewalk to decompose. In addition to this, the defendant, Cire, stated, under cross-examination, that he was aware of the fact that there was a slight settling of the bricks of the sidewalk for five or six years prior to the time when he repaired the defect (which was shortly after the accident). Obviously then, the defect was in existence for a considerable length of time; probably not so marked as it was at the time of the accident but nevertheless sufficient, we think, to charge the city with constructive knowledge thereof.
Being of the opinion that the city was at fault in permitting the dangerous condition to exist, we consider the question of whether the district judge erred in concluding that Mrs. Bodenheimer was guilty of contributory negligence. Four witnesses testified with respect to the manner in which the accident occurred — i.e., Mrs. Bodenheimer and Mrs. Martinez for plaintiffs, and a Mrs. Monte and Horace Clark for defendants. The testimony of the defense witnesses, who state that they were present at the time the accident occurred, is directly in conflict with the testimony submitted on behalf of plaintiffs. And, if their evidence is to be believed, the conclusion is inescapable that Mrs. Bodenheimer was grossly negligent as they assert that she was reading a letter at the time she fell and was paying no attention whatever to the condition of the sidewalk. However, a careful perusal of the record has satisfied us that the accident did not happen in the manner portrayed by the defense witnesses and we accept the versions of Mrs. Bodenheimer and Mrs. Martinez as exhibiting a true and accurate account of the mishap. Let us, therefore, consider their testimony with a view of ascertaining whether Mrs. Bodenheimer could have averted the accident by the exercise of ordinary care.
Preliminarily, it is to be noted that the accident occurred in the daytime (9:30 A.M.); that the photographs of the defect reveal that it is readily discernable and that anyone walking on the sidewalk would become apprised of the danger by a most casual glance.
Mrs. Bodenheimer states, in substance, that she had resided on Webster street near the corner of Hurst street for approximately a year and a half prior to the occurrence; that, on a number of occasions, she had walked from her home to a grocery store which is situated on the lower lakeside corner of Hurst street and Henry Clay Avenue; that, upon these visits to the grocery store, she used the sidewalk on the riverside of Hurst street as she, as well as the rest of the neighborhood, knew that the walk on the lakeside of the street was in bad condition; that, on the morning in question, she left her home with the intention of going to the grocery; that, when she reached the upper riverside corner of Hurst and Webster streets, she noticed a lady standing on the lakeside walk of Hurst street, near the corner of Webster *Page 227 
street, with a small pet dog in her arms; that she did not know this lady but, being interested in dogs, she crossed over the street onto the lakeside walk where she engaged in conversation with the lady about the dog; that, at the conclusion of the conversation, she turned around to proceed on her way to the grocery store and that, as she did so, she stepped into the depression in the sidewalk and was thrown to the ground.
The lady with whom Mrs. Bodenheimer was engaged in conversation was Mrs. Andrew R. Martinez, wife of a member of the New Orleans Bar. Mrs. Martinez confirms the fact that she was standing near the upper lakeside corner of Hurst and Webster streets, on the morning of the accident, with a small dog in her arms; that Mrs. Bodenheimer, with whom she was not acquainted, crossed the street and engaged her in conversation about the dog; that, while they were conversing, she was facing towards Audubon Park; that Mrs. Bodenheimer was facing in the opposite direction and that, as soon as they stopped talking, Mrs. Bodenheimer turned and fell into the depression at the edge of the sidewalk.
Counsel for plaintiff, in contending that the trial judge was in error in holding that Mrs. Bodenheimer was guilty of contributory negligence, remind us of the well-settled jurisprudence of this state that a pedestrian using a roadway or walk is chargeable only with ordinary care and that he is not required to constantly focus his attention upon the walk as he is entitled to assume that it is reasonably safe for travel. See Lemoine v. City of Alexandria, 151 La. 562, 92 So. 58 and cases there cited.
The soundness of the rule relied upon by counsel is not to be questioned. But we doubt its applicability to the facts of the case at bar as the doctrine is obviously founded on the theory that, since the pedestrian is without prior knowledge of the existence of the dangerous condition, he is entitled to assume that the road is safe for travel and that it would place an unreasonable duty upon him to require, in those circumstances, that he give his undivided attention to the surface upon which he treads. But, in cases where the pedestrian concedes that he knew that the walk was in bad condition, the reason for the doctrine disappears. In such instances, the care required of him must be commensurate with his knowledge — and it seems manifest that he cannot excuse his failure to avoid an open danger by asserting that he was entitled to assume that the path was safe for travel. This principle is firmly established in our jurisprudence. See Barnes v. City of New Orleans, 4 La.App. 503; Moise v. N.O. Public Service, 19 La.App. 703, 140 So. 505, and Kuntz v. City of New Orleans, La.App., 10 So.2d 658.
In the Barnes case, plaintiff was injured when she fell into a large hole on the banquette of Toulouse street. The accident occurred at 8:30 in the morning on a dry day. It was shown that plaintiff had lived in the neighborhood for several years and that she knew of the defective condition of the pavement. The court declared that, under the circumstances presented, plaintiff was guilty of contributory negligence since, with the use of observation and ordinary care, she could have avoided the defect.
In Moise v. N.O. Public Service, supra, plaintiff was injured as a result of tripping over a metal gas box which had been installed by the N.O. Public Service on the brick sidewalk of St. Andrew street. The accident occurred at 9:30 at night, when the plaintiff was returning to her home on St. Andrew street. It appeared that she had been living on that street for about six months; that she knew of the obstruction on the sidewalk and that it had been her custom to use the opposite side of the street. On these facts, we found that she was guilty of contributory negligence, despite the circumstance that the accident occurred at night. There, as here, plaintiff contended that, under the established jurisprudence, she was not required to constantly look upon the ground searching for defects and that, therefore, she could not be deemed to be at fault for her failure to do so. However, we held that that doctrine was inapplicable to the facts of the case, forasmuch as plaintiff was well aware of the defect complained of, and that, by the use of the ordinary prudence which was required under the circumstances, she could have easily avoided the danger. We further concluded that the facts of the case brought it under the doctrine adhered to in the Barnes case that, where two routes are open to a pedestrian, one with and one without danger, it is negligent to take the dangerous route.
In the recent case of Kuntz v. City of New Orleans, supra, plaintiff fell and was injured as a consequence of the defective *Page 228 
condition of the lakeside banquette of Carondelet street between Jackson Avenue and Philip street. The accident occurred on a dark and rainy night. It appeared that the plaintiff had lived in the neighborhood for eight years; that she knew of the dangerous condition of the banquette and that, because of it, she was accustomed to walking in the street. We concluded that, despite the fact that the accident occurred at night, plaintiff was negligent in using the walk, which she knew to be dangerous when there was another path open to her. The Barnes case was quoted with approval and considered as determinative of plaintiff's fault.
The facts of the instant case cannot be successfully distinguished from those appearing in the foregoing authorities. Here, Mrs. Bodenheimer has testified that she was aware of the fact that the lakeside walk on Hurst street between Webster street and Henry Clay Avenue was in bad condition and that she purposely avoided it by using the riverside walk. Yet, upon seeing Mrs. Martinez with a pet dog in her arms, she became so engrossed in the dog that she crossed over onto the defective sidewalk and positioned herself at a place directly adjacent to the obviously dangerous depression. We do not say that it was negligent for her to use the lakeside walk, as the evidence does not justify the conclusion that the entire sidewalk leading from Webster street to Henry Clay Avenue was so defective that it could not be traversed with safety by pedestrians exercising a sharp lookout. However, it was not wholly sound and Mrs. Bodenheimer knew it. In these circumstances, prudence demanded that she be vigilant. The defect, as we have said, was perfectly obvious and a casual glance by Mrs. Bodenheimer would have immediately advised her of the dangerous place at which she was standing. But her attention was so completely diverted by her interest in the pet dog of Mrs. Martinez that she apparently forgot all about the danger. It is true that she explains in her testimony that she did not know of the existence of the particular defect which caused her injury but that she, in common with other residents of the neighborhood, was cognizant that the general condition of the sidewalk was bad. However, the fact that she did not know of the particular defect should have prompted her to exert greater caution as she was well aware of the general unsound condition of the walk. Her prior knowledge should have placed her on her guard. By the exercise of reasonable care, she could have easily averted the unfortunate accident.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.