McBRIDE, Judge.
Plaintiff, the tutrix of her child James Hudgens, a high school student fifteen years of age, brings this suit on behalf of the minor for $6,000 damages due to physical injuries sustained by him as the result of a fall in front of the premises 2735 St. Peter Street. The accident, which occurred at about 7:00 p. m. on November 26, 1947, is alleged to have been caused by the defective and dangerous condition of the sidewalk.
Impleaded as defendants are the City of New Orleans and Paul A. Bartholomew, the owner of the premises 2735 St. Peter Street, but the suit was dismissed as to the latter defendant on his exception of no cause of action.
The petition alleges that the sidewalk at the situs of the accident was constructed of concrete, which was broken into a number of loose unfastened fragments, many of which had disappeared, leaving deep and dangerous depressions, and that the boy fell as a result of stepping on one of the loose pieces adjacent to a large hole in the sidewalk.
The City of New Orleans chiefly relies on the defense that James Hudgens was guilty -of contributory negligence, which prevents recovery.
*537 The lower court found for the City of New Orleans and dismissed the suit, and the matter comes before us on the appeal of plaintiff from that judgment.
Numerous' authorities hold that while a municipality is not an insurer of the safety of a pedestrian traversing a sidewalk it must keep the sidewalk reasonably safe. . In order .for a pedestrian to hold a municipality responsible for injuries occasioned by defects in its sidewalks, he must show (1) that the unsound condition complained of was patently and obviously dangerous to a reasonably careful and prudent person, and (2) that the municipality had notice, either actual or constructive, of the existence of the defect and failed within a reasonable time to-correct it. See White v. City of Alexandria, 216 La. 308, 43 So.2d 618; Parker v. City of New Orleans, La.App., 1 So.2d 123.
James Hudgens, himself, was the only witness who testified as to the happening of the accident. This boy, who lived in the house adjoining 2735 St. Peter Street for a period of five years before the accident, frankly admitted that- he had full knowledge of the existence of the defects in the sidewalk in front of 2735 St. Peter Streetj and that the defects had existed for as long as he had lived in the adjoining house.
Hudgens, on direct examination, seemed to be somewhat hazy in his description of the condition of the sidewalk, but on his cross examination it was brought out clearly that the damaged portion of the sidewalk started at the inside or house side of the pavement in front of 2735 St. Peter Street with a slight crack extending for about the first “foot or twothat the crack widened during the next foot to about two inches; and that for the rest of the four-foot-width of the sidewalk there existed a large hole about six or eight inches deep where the concrete had broken away.
A photograph filed in evidence depicts about one-half of the sidew-alk nearest the gutter. Apparently the roots of a tree growing on the edge of the sidewalk had elevated the pavement, causing a large crack or .hole and loosening some particles of the concrete. A size-able lateral crack from the end of the hole extends along the sidewalk for a few feet. The photograph does not show the condition of the sidewalk toward the house.
Hudgens’ testimony regarding the length of time the defects were in existence is eloquently bolstered by the photograph. The condition undoubtedly had existed for many years, and, therefore, under- the settled jurisprudence of this state the City of New Orleans is deemed to have had constructive knowledge of the defective condition of the sidewalk. Kuntz v. City of New Orleans, La.App., 10 So.2d 658.
In asserting the plea of contributory negligence, the city attorney contends that the defects were obvious and well known to the boy and that he should have avoided stepping into the hole, and, further, that he could have used the safe part of the sidewalk instead of traversing the dangerous portion of it.
Shortly before the accident, Hudgens was sent by his mother on an errand to a store, and -at about 6:45 p. m. he safely passed over the sidewalk. It was on his return home, about seven o’clock, that the accident happened. According to the boy’s testimony it was very dark at the time, and although there were street lights located -at each corner of the block their illumination was “shaded out by the trees.” He claims that he had no other way of getting to and from the store except by means of the sidewalk, as there was no walk on the other side of the street, -and that if he used the street itself he would have had to cross a deep gutter.
Interrogated as to why he did not step into the hole on his route to the store, he answered that he most probably walked closer to the house, where the crack in the concrete was smaller than on the gutter side of the sidewalk. On his return trip, he states, he stepped into the large hole on the gutter side, fell, and broke his leg.
In an effort to offset the impact of the plea of contributory negligence, appellant relies heavily on the case of Cato v. City of New Orleans, 4 So.2d 450, decided by *538 this court. There a thirteen year old girl, while walking upon a sidewalk, was injured when she stepped on a brick which either turned or broke, causing her to fall. The accident happened on a rainy night. It was contended by the defendant there that there was a path on the sidewalk which the child might have used with safety, but we held for the plaintiff as the city had failed to prove the existence of such a safe path.
The jurisprudence is to the effect that when two pathways, one with and one without danger, are open to a plaintiff, and he chooses the former, he cannot recover damages if injured. Barnes v. City of New Orleans, 4 La.App. 503; Moise v. New Orleans Public Service, Inc., 19 La.App. 703, 140 So. 505; Kuntz v. City of New Orleans, supra; Bodenheimer v. City of New Orleans, La.App., 18 So.2d 224.
There is no question that young Hudgens knew that the portion of the sidewalk located nearest the house was safe for the use of pedestrians. His own testimony shows that there were only slight cracks there and that he prudently used this portion of the sidewalk when going to the store. We are unable to comprehend why the boy, knowing as he did of the dangerous condition of the walk nearest the gutter, should have failed to direct his footsteps on that part of the sidewalk which he knew could be traversed with comparative safety. It is true that the night was dark, and that the lights on the two corners afforded no illumination, but nonetheless we believe that Hud-gens could have, by the exercise of but a slight measure of prudence, discerned where the safe portion of the sidewalk was located.
We think that Kuntz v. City of New Orleans, supra, in which we were concerned with the claim of a pedestrian who had fallen in the nighttime on a defective sidewalk, is sufficient authority upon which to base our decision in this case. In that case we differentiated the facts from those in the Cato case. In the Kuntz case we denied recovery to the plaintiff because of contributory negligence, it appearing from her own -admissions that she knew of a narrow strip dr safety zone on the sidewalk which she might have used.
In view of the admissions of Hudgens that he knew the portion of the sidewalk nearest the house was comparatively safe, as he had traversed it on his way to the store, we find him in the identical position as was the plaintiff in the Kuntz case.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.