EARL EDWARDS, Judge ad hoc.
Plaintiff filed this suit against the City of New Orleans and the Sewerage and Water Board of New Orleans, seeking damages against the two, in solido, in the sum of TEN THOUSAND FIVE HUNDRED ($10,500.00) DOLLARS, as a result of an accident in which she was involved on February 10, 1960. The District Judge in the lower Court denied plaintiff’s right to recover, and from that decision, she has appealed to this court.
Plaintiff alleged that she was riding in an automobile, driven by her son, who was driving her to work. They were proceeding on Cohn Street in the City of New Orleans and upon reaching the intersection *2 of that street with Eagle Street, the car struck a manhole and railroad track; that the manhole cover protruded above the surface of the street and that there was a depression along and parallel to the rails of the railroad, both of which constituted a hazard to traffic. She alleged that the manhole and railway tracks belonged to the Sewerage and Water Board and that the City of New Orleans did not maintain the street in a safe condition. The suit was filed in forma pauperis.
The plaintiff’s evidence is her own testi.mony, pictures and the testimony of Charles Ferrora, a merchant whose place of business is located in close proximity to the scene of the accident.
The plaintiff suffered cuts and lacerations about her face and scalp. She was brought to the hospital for stitching and had minor scars to show at the time of the trial. She is a middle-aged negro woman and worked as a baker in the school where she was going that morning.
She testified that her son was driving the car; they were a little late for her work; he was proceeding on Cohn Street, and was supposed to have turned left when reaching the intersection of Cohn with Eagle. Eagle street has the railway tracks running down the center thereof. She did not know how fast the car was going- — -“not very fast”— she said, and when they reached the intersection where he was to turn left, she suddenly pointed out to him that this was the place or words to that effect. She said he hit something while attempting a turn and the car stopped suddenly, causing her to hit the windshield with her face, breaking a hole into it, and causing the lacerations and cuts she suffered. She testified that the car stopped on the railroad tracks as it was turning left. She was so full of blood, she did not stay there or observe the position of the car, but ran to the school where she worked, for help, got a towel and was driven to the hospital from there. She did not testify of any dangerous condition of the street, nor did she know just what caused her to be thrown forward into the windshield of the car. Her son did not testify either; she explained he was in the U. S. Armed forces in Germany. Why his testimony was not taken by deposition, is not explained. We have her pictures, the pictures of the car, and a picture showing the intersection of the two streets where the accident happened. No one was able to pinpoint the location, exactly, of the so called accident.
The testimony of Mr. Ferrora, a witness for plaintiff, was to the effect that this car which plaintiff occupied, ran over the manhole cover and as it turned left into Eagle Street, it suddenly came to a stop on the railroad tracks. He said two other accidents had happened at that same intersection, intimating the corner was a dangerous one and the railway tracks created a hazardous situation. He testified that the manhole was above the street level and it constituted the hazard, mostly, that caused the car to wreck.
It is argued by Counsel for Plaintiff, that the wheel or wheels of the car must have caught between the rail and metal plate of the railroad track and caused it to stop suddenly. The car was an old model Plymouth — about 1956 — and the picture is in evidence. The hole in the windshield, where plaintiff’s head or face hit it, is evident. There is a dent or bumped-in damage on the right side of the car. This is unexplained, as there is no evidence that tha car collided with another vehicle or object, other than the manhole which it ran over and the railway track where it stopped. This Court examined very carefully, the picture of the street intersection which shows the manhole cover and the railway tracks. The manhole cover appears to be even with the surface of the street. There is a slight indentation or dip between the rails of the track and the metal plates which parallel same. This is not deep — about two and one half or three (2i/z or 3) inches at the deepest point. This Court believes that the space between the rails and the metal plates would be wide enough for an auto *3 tire to fit therein, if the auto were running parallel with the tracks or along with same. However, from the physical evidence, with plaintiff’s car coming in on Eagle Street (Where the railroad lies) in a left turn from Cohn Street, it is impossible to figure how the wheels or tires of the car could become lodged in this space so as to cause a wreck and plaintiff’s injuries. In other words, plaintiff’s car would be crossing the railroad at an angle, approximately forty-five (45°) degrees, and the depression or ground fall between the rails and the metal plates of the railroad is not sufficiently deep to enable a car wheel or tire to slip therein and become lodged or caught. It is argued, for plaintiff, that this must have happened. But as pointed out above, there is no evidence on that point. This argument is made upon conjecture and suppositions. Admittedly the picture correctly represents or represented the lay out of the scene showing the manhole cover and the railroad.
Counsel for plaintiff, citing the testimony of Mr. Ferrora, stresses the point that there were two prior accidents at this same intersection; that as a result of one, a suit is pending against the City; and because of this, the street intersection is hazardous and the city has knowledge of this dangerous condition of the streets at that point. It is noted that the facts in these other cases are not known. It seems that in one, the engine block dropped out from the car as it ran over the railroad. There is merely a vague reference to the other accident. This is in the space time of several years, according to Mr. Ferrora. We daresay that there are very few busy intersections in the City of New Orleans, or any large city, for that matter; where accidents have not occurred. This in itself cannot be used to make the defendants liable here. It must be shown that there is some defect, that it is dangerous, and that it was patent to ordinary superficial examination by a reasonably careful and ordinarily prudent person. James v. City of New Orleans, La.App., 121 So. 879; Miller v. City of New Orleans, La.App., 152 So. 141; Kuntz v. City of New Orleans, La.App., 10 So.2d 658. An examination of the picture filed in evidence, does not, in the Court’s mind, show a defect or patently dangerous condition. The Court is more inclined to the belief that plaintiff’s son was negligent in the sudden and forceful application of his brakes, and that conduct was the cause of plaintiff’s damages.
To hold the -defendants ■ liable, the Court must find some fault or negligence on their part, either in having done something wrongfully or having failed to do something which ought to have been done. These two streets are black-topped; each is a two way street; this intersection is in a heavily trafficked area; many hundreds of automobiles and trucks go over this same intersection daily; even after this accident, it was brought out, defendants saw no reason to correct, repair or alter the street condition from what it was before this incident. Certainly, if the condition were hazardous or dangerous, there would be more for the eye to see, and there would have been additional witnesses to prove ..or pinpoint this dangerous condition which we have been unable to see in the photo.
Plaintiff was seated on the right side of the front seat; while the car was turning left, and at an angle to the railway tracks, it stopped suddenly, was her testimony. It seems that the force of inertia would have thrown her outward and against the door of the car instead of the windshield at the front. '
If this Court is permitted to indulge in what may have happened, it believes that plantiff’s son, applied his brakes suddenly when plaintiff pointed to him that this was the place to turn as they reached the intersection. She probably realized he was about to pass the place he was to turn. He had not driven this route before. She was late for work, in a hurry, and he applied his brakes with force, so as not to pass the intersection. This caused her to go for *4 ward into the windshield. We believe the car stopped suddenly, but there is no evidence, by anyone, to show that the car wheels were caught anywhere or that the car had to be extricated from a place wherein it was lodged. As we pointed out above, the physical appearance of the surface of the intersection, in the picture filed in evidence, as admittedly correct; we do not find any hazards or defects for which we could hold defendants liable. Perhaps if plaintiff’s son had testified we would be in a position to come to other or different conclusions.
We conclude that the plaintiff has failed to make out her case. The Court below found in favor of the defendants. It is our conclusion that his findings are fully supported by the evidence. Certainly, we are unable to see where he committed a manifest error.
Therefore we affirm the judgment of the lower Court and tax plaintiff with the costs of both Courts.
Affirmed.