159 So.2d 362 (1964)
Joseph LaCAVA, Sr.
v.
CITY OF NEW ORLEANS.
No. 1176.
Court of Appeal of Louisiana, Fourth Circuit.
January 6, 1964.
Alvin J. Liska, Samuel Richard Exnicios, New Orleans, for defendant-appellant.
Guy J. D'Antonio, New Orleans, for plaintiff-appellee.
Before YARRUT, SAMUEL and CHASEZ, JJ.
CHASEZ, Judge.
Plaintiff, Joseph LaCava, Sr., was injured in a fall over a raised break in the sidewalk. He brought this suit for damages against the City of New Orleans, charging it with negligence in permitting the dangerous sidewalk condition. The city pleaded the contributory negligence of plaintiff.
*363 From a judgment in favor of plaintiff, the city appeals.
The raised break in the sidewalk, presumably caused by the elevation of a section of the pavement by root growth from an adjacent tree, had existed for about three years prior to plaintiff's injury. The elevated section was about four and a half inches above the section adjacent to the break. A photograph in the record, taken a few days after the accident, demonstrates the hazardous nature of the sidewalk condition. The sidewalk was adjacent to Stallings Playground, a public recreational center operated for the citizens of the city by its recreation department.
On January 23, 1962, at approximately 12:45 p. m., plaintiff was walking along the sidewalk, in such a direction that the break presented itself as an obvious rise (rather than a possibly unnoticeable fall) in the sidewalk elevation. Plaintiff was on his way to the Fair Grounds race track, having dismounted a public bus which brought him to the vicinity from his home. He had gone to the race track on previous occasions, but testified he had on the other occasions walked along the opposite side of the street. He testified:
"Q. On or about January 23, 1962, at or about 12:45 P.M., where were you?
"A. I was walking back near Lapeyrouse, and when I got to this spot I seen it was a high spot, but I didn't lift my foot high enough and I went down on my both knees and my two hands went down and to keep from breaking my glasses I held my hand like that, and that's when I broke my arm. * *"
On cross-examination, he further testified that he could see "pretty good":
"Q. On the particular day of this accident what was the weather conditions? Was it clear, rainy?
"A. Well, looked like it was kind of cloudy to me, yes, sir.
"Q. Uh, huh.
"A. Looked like a little cloudy weather that day.
"Q. Cloudy weather?
"A. Yes, sir.
"Q. And the sidewalks in the area, did they have any debris on it, any leaves or anything else?
"A. Nothing was there but that break.
"Q. And you saw this before the time that you fell?
"A. That's the first time I seen it, first time I went over it. I guess if I had went over it a couple of times, I would have knowed it was there.
"Q. Well, a few minutes ago you testified that you just didn't lift your foot high enough?
"A. Yes. I guess that's why I fell. I didn't lift high enough.
"Q. So you did see it before you actually fell?
"A. I seen it when I was passing, yes, sir, but I didn't lift high enough. That's how I fell.
"Q. Now, at the time did you have your glasses on?
"A. Oh, yes, sir, I been having my glasses.
"Q. And with your glasses can you see?
"A. I can see, yes, sir.
"Q. Clearly?
"A. Yes, sir.
"Q. These glasses, do they correct your sight to 20-20 basis or is there some defect left?
"A. Well, I can see pretty good, but not far.
*364 "Q. But you can see things close up?
"A. I can read without these glasses. I can read all kinds of small print without the glasses. I need the glasses for distance."
Plaintiff was 70 years old at the time of the accident; however, his testimony shows that he was capable of walking about the streets alone, and therefore that he was physically able to step over curbings, the height of which equals or exceeds the height of the break in the sidewalk.
The District Court, in its reasons for judgment dictated from the bench upon the conclusion of the trial, stated:
"* * * I think that the application of the doctrine of contributory negligence must be weighed a little more carefully when it's applied to a person of his age; and he is entitled to walk on the city sidewalks, particularly in front of the city's property, and be fairly assured that he's not going to run into the type of hazard which was presented here."
Finding from the preponderance of the evidence that the city's negligence had been shown, but that contributory negligence such as to bar this particular aged plaintiff had not been shown, the District Court gave judgment in plaintiff's favor.
In our opinion the District Court erred in concluding that the facts shown by the evidence did not, as a matter of law, show contributory negligence on plaintiff's part. It is not advanced age alone, but C.J.S. Negligence § 141, cited by plaintiff, as follows:
"Aged persons: A person whose senses are blunted and mental faculties impaired by old age is not guilty of contributory negligence where his failure to use that degree of care which an ordinarily prudent person would use under the same or similar circumstances is due to such disability." (Emphasis supplied.)
The record contains no showing of either sensory or mental disability on plaintiff's part; nor does it suggest that the accident was the result of any such disability.
Furthermore, assuming plaintiff has the right to be assured of, or to presume, the absence of such hazards in the sidewalks, in this case he did not rely on such assurance or presumption. He saw the hazard and could not have continued to presume there was no hazard.
Plaintiff cites two Louisiana cases in support of the rule quoted above. We have found the rule inapplicable to the facts of this case, and the facts of the Louisiana cases cited are significantly different from those presented here. Rock v. American Const. Co., 120 La. 831, 45 So. 741, 14 L.R. A.,N.S., 653 (1908), shows that the claimant "with his poor eyes and his basket on his head he was not particularly well situated to discover the hole"; here, the plaintiff did see the sidewalk defect. And in McCormack v. Robin, 126 La. 594, 52 So. 779 (1910), the injury occurred at night, and the claimant testified she was putting on her gloves preparatory to entering her carriage and did not see the obstacle over which she fell; here, we repeat, plaintiff did see the defect.
In this case, plaintiff showed no disability which should alter the standards of care for purposes of determining contributory negligence on his part; and, having in fact seen the hazard, was not entitled to rely on any presumption that the sidewalk would be free from the hazardous condition. It was his own failure to exercise reasonable care in stepping over the break in the sidewalk which caused or at least contributed to his injury. He is therefore barred from recovering from the city. Bodenheimer v. City of New Orleans, 18 So.2d 224 (La.App.1944); Massicot v. City of New Orleans, La.App., 43 So.2d 621.
*365 Accordingly, the judgment appealed from is reversed, and it is now ordered, adjudged and decreed that there be judgment rendered herein in favor of defendant, the City of New Orleans, and against plaintiff, Joseph LaCava, Sr., rejecting plaintiff's demands, costs in both courts shall be paid by plaintiff.
Reversed and rendered.