YARRUT, Judge.
Plaintiff appeals from a judgment dismissing his suit against Defendants, who are the City of New Orleans and the owners of the property abutting the sidewalk on which Plaintiff stumbled and fell in early September, 1961, in the darkness, about 7:15 *858 o’clock P.M., for which he claims damages of $31,947.44 for personal injuries, medical expenses, etc.
Plaintiff charges all Defendants with negligence in permitting the sidewalk to remain in the damaged condition for many years, which was caused by a tree adjoining the sidewalk uprooting and elevating a section of the sidewalk six or seven inches above the level of the walk, over which Plaintiff tripped and stumbled with his resulting injury. At the time Plaintiff was alone.
The City, in its answer, denied any previous knowledge, expressed or implied, of this defective condition, until after the filing of the suit; and, in the alternative, pleaded contributory negligence of Plaintiff, in that he failed to see the defective condition of the sidewalk, failed to maintain a proper lookout, failed to see what he should have seen, and, notwithstanding he had previous knowledge of the defective condition, undertook to use the sidewalk when he had other and safe means of passage.
The property owners were dismissed from the suit on an exception of no cause of action, when Plaintiff failed to amend his petition within the time given by the District Court to charge them with active negligence in contributing to the damaged condition of the sidewalk, since an adjoining property owner is not liable for a defective sidewalk unless such owner is guilty of some act of negligence in creating the defect.
At the trial on the merits with the City as the remaining Defendant, the Inspector for the City testified the City had no knowledge whatsoever of the condition of the sidewalk until the suit was filed, when the City promptly had the necessary repairs made.
Under cross-examination Plaintiff admitted he had lived since 1922 in the immediate vicinity and knew of the defective condition of the sidewalk; for which reason he avoided walking on that side of the street except on the night in question. He gave no explanation why he suddenly decided to use the damaged sidewalk, other than he “just wanted to take a stroll around the block” that night.
In view of the admission by Plaintiff of previous knowledge of the defective condition and his avoidance of using the sidewalk, notwithstanding which he chose “to take a stroll around the block” in darkness, he assumed the attending risk and was guilty of contributory negligence. White v. City of Alexandria, 216 La. 308, 43 So.2d 618; LaCava, Sr. v. City of New Orleans, La.App., 159 So.2d 362; Hamilton v. City of Monroe, La.App., 72 So.2d 576; Hudgens v. City of New Orleans, La.App., 54 So.2d 536; Massicot v. City of New Orleans, La.App., 43 So.2d 621; Bodenheimer v. City of New Orleans, La.App., 18 So.2d 224.
In view of the admitted contributory negligence of Plaintiff, it is not necessary to consider whether the City had prior knowledge of the damaged sidewalk and was primarily negligent in failing to make the repairs.
The judgment of the District Court in favor of all Defendants, on the exception and after trial, wherein Plaintiffs suit was dismissed at his cost, is correct.
For the reasons assigned, the judgment of the District Court is affirmed; Plaintiff to pay costs in both courts.
Affirmed.