McBRIDE, Judge.
Plaintiff wife was awarded judgment against the City of New Orleans for $14,-633.05 for the personal injuries she sustained as the result of a fall on the sidewalk in front of the premises 1758 Prytania Street while traversing the same as a pedestrian in the afternoon on May 3, 1960; her husband recovered $366.95 in reimbursement of medical costs, etc., occasioned him by his wife’s injuries. It is alleged the fall took place while Mrs. Bustamente was walking in a normal, cautious and prudent manner, that the accident resulted from the defective condition of the sidewalk; that the City was negligent in failing to maintain the sidewalk in a safe condition.
The City of New Orleans for its defense relies on the lack of notice of the defective condition of the portion of the sidewalk upon which Mrs. Bustamente fell and, alternatively, that Mrs. Bustamente was con-tributorily negligent which prevents recovery.
The City of New Orleans has appealed.
Numerous authorities hold that while a municipality is not an insurer of the safety of a pedestrian traversing a sidewalk, it must keep the sidewalk reasonably safe and is negligent in failing to do so. In order for a pedestrian to hold the municipality responsible for injuries occasioned by defects in sidewalks, he must show (1) that the unsound condition complained of was patently and obviously dangerous to a reasonably careful and prudent person, and (2) that the municipality had notice, either actual or constructive, of the existence of the defect and failed within a reasonable time to correct it. See St. Paul v. Mackenroth, 246 La. 425, 165 So.2d 273; *406 White v. City of Alexandria, 216 La. 308, 43 So.2d 618; Bond v. City of Baton Rouge, 129 So.2d 887 (cert, den.); Bodenheimer v. City of New Orleans, La.App., 18 So.2d 224 (cert. den.); Parker v. City of New Orleans, La.App., 1 So.2d 123.
The facts and surrounding circumstances of each individual case control in determining whether, for the purposes of imposition of liability upon a municipality, a sidewalk defect was dangerous or in the nature of a trap. St. Paul v. Mackenroth, supra.
The surface of the banquette or sidewalk in front of the premises 1758 Prytania Street, composed of bricks, evidently had been constructed many years ago. Its general condition can be characterized as poor and from the evidence in the record, both testimonial and photographic, undulations exist therein due to erosion, subsidence or a deterioration of the foundation or soil beneath the bricks. Many bricks are loose; some are missing or displaced, creating holes. One witness who has been delivering newspapers to the premises 1758 Pry-tania Street for nine years stated that the sidewalk had been defective during that whole period, and that every five or six feet, due to missing or displaced bricks, a hole exists in the sidewalk. This witness also stated that sometimes a hole could not be seen because of its being covered with mud, debris and leaves from a large oak tree nearby.
Mrs. Bustamente fell when stepping into one of the holes caused by a brick or bricks being missing or displaced. She claims she walked along cautiously and although keeping a lookout as to where she stepped, she could not see the hole because it was covered over with mud, leaves and grass, which shielded it 'from her view. Mrs. Busta-mente’s husband, who was standing some distance away, saw his wife fall and came to her rescue. He stated her foot was in a hole from which two or three bricks were missing and the hole was filled with mud and leaves.
There is no doubt the sidewalk was not reasonably safe for pedestrian use. Such defective condition unquestionably had existed for years, and, therefore, under the settled jurisprudence of this state, the City of New Orleans is deemed to have constructive knowledge of the inadequacy and defective condition of the sidewalk. See St. Paul v. Mackenroth, supra; Hudgens v. City of New Orleans, La.App., 54 So.2d 536; Bodenheimer v. City of New Orleans, supra; Kuntz v. City of New Orleans, La.App., 10 So.2d 658.
Counsel contend that appellant should not be charged with constructive notice of the existence of the particular hole into which Mrs. Bustamente stepped because a few years ago the portion of the sidewalk in which the hole is located had been resurfaced by one of the utility companies and the City never had knowledge or notice of the existence or appearance of the offending hole. Counsel cite us to Bond v. City of Baton Rouge, supra, in support of the argument that while the City of New Orleans may have had constructive notice of the generally poor condition of the sidewalk, it cannot be charged with knowledge or notice of the hole causing the accident for the reason that such was of more recent origin. The doctrine of constructive notice has never been limited to the extent contended for. The cited case is inapposite to the point now being considered. In Bond v. City of Baton Rouge, supra, the sidewalk had been in a poor condition for a long period, but the court refused to hold the defendant had constructive notice of a defect in a driveway at the point where the sidewalk commenced a slanting descent to the driveway level. The court was of the opinion that plaintiff had failed to discharge the burden of establishing constructive notice of the particular defect in the driveway which was unrelated to the general condition of the sidewalk. That peculiar circumstance is not even remotely analogous to the facts in the instant case.
An injured pedestrian is not required, in order to charge a municipality *407 with constructive notice, to show for what length of time a particular defect, among many others of like kind, existed in a generally defective sidewalk. It suffices to charge constructive notice if it be shown that such defects which caused the injury existed for such a period of time that the municipal authorities, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury.
With regard to the plea of contributory negligence, counsel contend with great earnestness that the accident could never have happened had Mrs. Bustamente acted as an ordinarily prudent person. We have carefully examined the record and can find no evidence whatsoever which would brand said plaintiff with negligence of any sort which contributed to the accident. It is true she was the employee of a motel located at 1756 Prytania Street, which is adjacent to No. 1758. She admitted she was cognizant that the sidewalk on which she fell contained holes and loose bricks and was uneven, which conditions she observed quite often when washing with a hose the paved sidewalk in front of the motel. She admitted the brick sidewalk was poor by comparison with the paved sidewalk which she washed. However, Mrs. Bustamente had never attempted to negotiate the brick sidewalk before. In going to or from work it was not necessary that she cross the brick walkway; her place of employment was nearer to her residence than 1758 Prytania Street.
Mrs. Bustamente was not guilty of negligence merely because she went upon the brick sidewalk. Although it was generally in poor condition, any person exercising a reasonable amount of caution should have been able to traverse it with complete safety. Mrs. Bustamente was careful to look where she was walking, and this was all the law required of her. Had not the hole been concealed from view, she would certainly have noticed it The hole, which was invisible, constituted a trap or was in the nature of a trap which could not have been reasonably anticipated by a pedestrian. The injuries resulted therefrom and appellant is liable. See St. Paul v. Mackenroth, supra; Parker v. City of New Orleans, supra.
At the outset of their argument, counsel for appellant conceded that if there was any liability in the City of New Orleans, for Mrs. Bustamente’s injuries, the amount awarded her is fair, reasonable and equitable and commensurate with the injuries and appellant is not seeking a reduction of her judgment or the amount allowed her husband.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.